[Simon v. The State.]


# Simon v. The State.

|108   27|
|139   77|

*Indictment for Murder.*

1. *Jurors—Exemption from jury duty.*—Testimony on *voir dire* by a juror that "he was an active member of the Mobile Cadets and attended drills regularly" does not establish his right to be excused without further evidence showing the Mobile Cadets to be a part of the Alabama State Troops.

2. *Same; excusing by the court on its own motion.*—When the defendant in a capital case objects, it is error for the court of its own motion to excuse a juror who is not exempt by law from serving as such.

3. *Same; discrepancy in venire.*—Discrepancy in the way in which a juror's name and residence is written on the *venire*, and the paper drawn from the jury box, which does not mislead, furnishes no ground for a challenge.

4. *Evidence—Expert.*—A physician who saw the deceased shortly before his death, and who made a *post mortem* examination, can as an expert, testify as to what in his opinion, was the cause of death.

APPEAL from Mobile City Court.

Tried before Hon. O. J. SEMMES.

The defendant was indicted and tried for the murder of Allen Robinson. The proof tended to show that defendant and deceased met casually, both being intoxicated. That they indulged in profanity and mutual abuse. Finally the defendant struck the deceased over the head with a picket he had torn from a fence at hand. Robinson died three days thereafter. Dr. J. D. Terrell, a practicing physician, testified that he attended the deceased, and saw him shortly before he died. That he also held a *post mortem* examination of the remains. That in his opinion, death was caused by the blow on the head. Defendant moved to exclude this evidence, and his motion was overruled.

When the jury was being empannelled, the court excused a juror, against objection of the defendant, under the circumstances stated in the opinion. The defendant also claimed the right to challenge for cause, a juror, for the reason that on the *venire* served upon the defendant it was written "P. J. Cauley, county," while on the slip

drawn from the jury box was written "P. J. Cauley, Co. No. 8." The right to challenge was refused.

The defendant was convicted of murder in the second degree, from which he appeals.

LESLIE B. SHELDON, for appellant.

W. C. FITTS, Attorney-General, contra.

HEAD J.—Against the objection and exception of the defendant, the city court excused a juror, on his request, who had been regularly drawn and summoned for the trial, upon the testimony of the juror that "he was an active member of the Mobile Cadets and attended drills regularly." By statute every member of the Alabama State Troops is exempt from jury duty during his membership. The commanding officer of each company shall furnish each member of his command with a certificate of membership signed by such commanding officer, which shall prove such exemption in any court, but such certificate shall be revoked whenever the holder is absent from four consecutive drills or parades without good excuse, and which shall be surrendered whenever any member of the State troops is discharged from the service of the State.—Acts 1894–95, p. 793.

But, the evidence does not inform us that the "Mobile Cadets," of which the juror was a member, was a part of the Alabama State Troops. We cannot know that any organization of persons which might take place in Mobile county, and adopt the name of Mobile Cadets, is a part of the Alabama State Troops. The evidence should have gone further and shown that the Mobile Cadets, of which the juror was a member, was a part of such troops, as was done in King v. State, 90 Ala. 612.

There is no error in any of the other rulings of the court to which exceptions were reserved.

For the error in excusing the juror, on the proof advanced, the judgment of the city court is reversed and the cause remanded. Let the prisoner remain in custody until discharged by due course of law.

Reversed and remanded.