# Naugher *v.* The State.

*Indictment for Murder.*

■1. *Homicide; communicated threats; relevant evidence.*—On a trial for murder, where it was shown that the deceased had recently threatened the life of the defendant, which threats were communicated to the latter, and after the defendant had testified as a witness in his own behalf that upon the deceased, with his right hand in or near his hip pocket, saying to him, "Damn you, now I'll get you," he fired upon the deceased, it is permissible for the defendant to testify whether or not he knew the deceased was in the habit of carrying a pistol concealed in that hip pocket; the answer, if in the affirmative, tending to throw light upon the conditions and circumstances attending the shooting.

2. *Same; same; same.*—On a trial for murder, where the evidence showed that threats made by the deceased against the defendant had been communicated to the latter, the testimony of the defendant as a witness in his own behalf that one day shortly before the killing, after the deceased had been to his house with a shot gun, trying to get him to come out of the house, he secretly followed the deceased to his home, and heard him (the deceased) say to his sister-in-law who was there, "If he had not been too smart for me, I would have got him. I had buckshot this time," is competent and admissible.

3. *Same; immaterial and incompetent evidence.*—On a trial for murder, it is not competent for the State to prove that at some time previous to the killing, the defendant, while drunk, shot his own horse; such evidence being wholly immaterial to any issue before the jury.

4. *Same; evidence of friendly association after communication of threats admissible.*—On a trial for murder, where it is shown that the deceased had made threats against the defendant which had been communicated to him, acts of friendly association, such as defendant borrowing meat from the deceased, subsequent to the communication of such threats, are competent evidence, where the plea is that of justification in self-defense.

5. *Witness; impeachment of defendant in criminal case.*—On a trial in a criminal case, it is not competent for the purpose of impeaching

[Naugher v. The State.]

defendant's testimony as to the fact about which there was no other competent evidence, to prove contradictory statements made by him to another.

6. *Charges to the jury; properly refused when mere repetitions of other charges given*—Charges which are mere repetitions of other charges which have been given are properly refused.

7. *Same; when improperly predicated upon defendant's testimony.* When on a trial for murder there is other evidence tending to show that the defendant committed the offense charged, besides that of the defendant himself under his plea of self-defense, an instruction to the jury that, "If the jury has a reasonable doubt as to the truth or falsity of the testimony of the defendant as deposed to by him on the stand, then the jury will find the defendant not guilty," is properly refused.

8. *Same; giving undue prominence to certain fact.*—On a trial under an indictment for murder, a charge to the jury which 'instructs them that, if from the evidence they find that the defendant was a man of good character and that there was no motive for taking the life of the deceased unlawfully, then the jury may, in connection with all the evidence, consider such facts, and such good character and absence of motive may generate in the minds of the jury a reasonable doubt of the defendant's guilt of any crime charged in the indictment, and if such reasonable doubt exists in the minds of the jury, they must acquit the defendant, is properly refused as being misleading, argumentative, and as giving undue prominence to a certain specified fact.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEORGE E. BREWER.

The appellant was indicted and tried for the murder of one Powell Hancock, and was convicted of murder in the second degree. As stated in the opinion, the principal exceptions reserved were to the rulings of the court upon the evidence. Most of the facts pertaining to these rulings, which are reviewed on the present appeal, are sufficiently stated in the opinion.

The defendant, as a witness in his own behalf, testified that one day, after the deceased had been to his house with a shot gun trying to get him to come out of the house, he watched the deceased as he left his, defendant's, house, and followed him; that when the deceased arrived at home, his sister-in-law said to him, "he was too smart for you;" and that the defendant heard Powell Hancock reply: "If he had not been, I would have got him. I had buckshot this time." The State objected to this testimony, and moved to exclude it from the jury. The court sustained the objection and

refused to permit the testimony to go to the jury, and to this ruling the defendant duly excepted.

Upon the introduction of all the evidence, the court at the request of the defendant gave to the jury the following charges : (9.) "The court charges the jury that if, from all the evidence, they have a reasonable doubt as to whether or not the defendant fired the fatal shot of malice or only in the heat of passion, suddenly aroused, under sufficient provocation, then the jury cannot convict the defendant of murder in the second degree." (12.) "Unless from all the evidence in this case the jury can each say as a juror sworn and empannelled to try the case according to the evidence, beyond all reasonable doubt, that the defendant killed Powell Hancock with malice towards him, said Powell Hancock, then the jury can not and should not find the defendant guilty of murder in the second degree." (14.) "Unless the jury are satisfied from the evidence beyond all reasonable doubt that the defendant fired the fatal shot maliciously, the jury can not convict the defendant of murder in the second degree." The defendant also requested the court to give to the jury each of the following charges, and separately excepted to the court's refusal to give each of them as asked : (10.) "If from all the evidence the jury has a reasonable doubt, as to whether or not defendant fired the fatal shot which took the life of deceased from malice or from heat of passion produced by sudden rencounter, then the jury can not convict the defendant of murder in the second decree." (16.) "If the jury has a reasonable doubt as to the truth or falsity of the testimony of the defendant as deposed to by him on the stand, then the jury must find the defendant nòt guilty." (17.) "If the jury find that the defendant at and prior to the time he killed Powell Hancock was a man of good character, and the jury further find from all the evidence, an utter absence of any motive defendant might or did have for taking the life of deceased unlawfully, then the jury may, in connection with all the evidence, look to such good character of defendant, and absence of any motive on the part of defendant to take the life of deceased; and such good character and absence of motive, may generate in the minds of the jury a reasonable doubt of the guilt of the defendant of any crime charged in the indictment,

30

and if such reasonable doubt is in the minds of the jury as to defendant's guilt, then the jury must acquit him."

INZER & GREENE, M. M. SMITH and B. F. POPE, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.— The 10th charge requested by the defendant was substantially the same as the 9th charge, which had been given for him as asked.—*Smith v. State,* 92 Ala. 30. The 17th charge was properly refused.—*Goldsmith v. State,* 105 Ala. 8; *Scott v. State,* 105 Ala. 57; *Webb v. State,* 106 Ala. 52; *Grant v. State,* 97 Ala. 35.

COLEMAN, J.—The defendant was tried for the murder of Powell Hancock, and convicted of murder in the second degree. Several exceptions were reserved to the rulings of the court upon the admission of evidence.

The defendant did not deny that he took the life of deceased, but relied upon self-defense for an acquittal. There was evidence that, when drinking, deceased was a dangerous man. Evidence was also introduced that the deceased had recently threatened the life of defendant, which threats were communicated to defendant. The defendant as a witness in his own behalf testified that deceased, with his right hand in or near his hip-pocket, said to defendant, "Damn you, now I'll get you," when defendant fired. The defendant was then asked by his counsel, "Whether or not he knew that deceased was in the habit of carrying a pistol concealed in that hip pocket?" The court sustained an objection to this question. In this the court erred. The question was pertinent and relevant, and the answer, if affirmative, tended to throw light upon the circumstances and conditions attending the shooting. The question was considered in the case of *Wiley v. The State,* 99 Ala. 146. The credibility of a witness is a question for the jury, and not for the court.

The statement made by deceased to his sister-in-law, "If he had not been, I would have got him. I had buckshot this time," if believed, was at least a threat, heard by defendant himself.

It was not competent for the State to show that at some previous time, the defendant, while drunk, shot

[Naugher v. The State.]

his own horse. Such evidence was wholly immaterial as to any issue before the jury, and might have prejudiced the defendant with the jury.

It was competent for the State to show acts of friendly association between defendant and deceased subsequent to the communication of the threats of deceased againt the defendant, and we think it did not transgress the rule to show as a fact that defendant borrowed some meat from deceased; but there being no competent evidence of the fact of the borrowing, it was not competent for the purpose of impeachment of defendant's testimony, to ask him if he did not tell "A" that he had borrowed the meat, and on his answering in the negative, to introduce "A" as a witness to prove contradictory statements.

Charge 17 given for the defendant was too favorable. There was no exception to the giving of the charge, and we merely refer to the fact as a guide on another trial.

Conceding that charge 10 requested by defendant asserted a correct proposition of law, applicable to the case, the defendant got the full benefit of the principle in charge No. 9, which was given at the request of the defendant.

Charge 16 requested by defendant, was properly refused. There was other evidence in the cause tending to show that defendant committed the offense besides that of the defendant himself.

We are of opinion that charge 17 requested by defendant was properly refused. It is misleading and argumentative, and was calculated to give undue prominence to certain specified facts. We are of the further opinion, that so far as it refers to an absence of motive the charge was abstract. It is not consistent with the defense of justification in self-defense.

For the errors pointed out, the case must be reversed.
Reversed and remanded.