# Kitt v. The State.

*Indictment for Gaming.*

1. *Indictment; motion to quash and plea in abatement; when properly overruled.*—Under the provisions of the statute (Cr. Code of 1886, § 4445; Cr. Code of 1896, § 5269), denying the right to object to an indictment on any ground going to the formation of the grand jury, except that the jurors were not drawn in the presence of the officers designated by law, an indictment can not be assailed by a motion to quash or a plea in abatement, on grounds based upon the illegality of the grand jury, or raising objections directed to the indictment itself.

APPEAL from the County Court of Wilcox.

Tried before the Hon. JAMES T. BECK.

The facts of this case, showing the rulings of the trial court which are presented for review on the present appeal, are sufficiently stated in the opinion.

MILLER & BONNER, and S. C. JENKINS, for appellant, cited *Nixon v. State*, 68 Ala. 535; *Steele v. State*, 111 Ala. 32; *Wilkins v. State*, 112 Ala. 60; *Cochran v. State*, 89 Ala. 40.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted for gaming. When the cause came on to be heard, he moved the court to quash the indictment, upon several grounds; all, however, were based upon the illegality of the grand jury. The same point was raised by plea in abatement to the indictment.

Section 5269 of the Code of 1896 (section 4445 of Code of 1886) reads as follows : "No objection can be taken to an indictment, by plea in abatement, or otherwise, on the ground that any member of the grand jury was not legally qualified, or that the grand jurors were not legally drawn or summoned, or on any other ground going to the formation of the grand jury, except that the jurors were not drawn in the presence of the officers designated by law ; and neither this objection nor any other can be taken to the formation of a special grand jury summoned by the direction of the court."

The objections, those presented by the motion to quash, which was overruled, and those raised by the plea in abatement, to which a demurrer was sustained, all, were directed to the indictment itself. Under the uniform decisions of this court, the trial court did not err in its rulings. See authorities collected in case of *Linehan v. State*, 113 Ala. 70. No objection was raised to the *venire* for the trial of defendant, as was done in the case of *Wells v. The State*, 94 Ala. 1; *Steele v. The State*, 111 Ala. 32, and *Linehan's case supra*.

We are of opinion the other assignments or error are not of sufficient merit to require comment.

Affirmed.