# Sims *v.* The State.

## *Indictment for Murder.*

1. *Homicide; admissibility of evidence of opinion of attending physician as to the character of wound.*—On a trial under an indictment for murder, a physician who attended the deceased, after he received the wound which caused his death, is competent to testify as to whether in his opinion the wound was fatal; and such opinion or expert testimony is admissible.

2. *Homicide; admissibility of parole testimony to prove dying declarations.*—Parol testimony is admissible to prove dying declarations, although the declarations made by the deceased were reduced to writing but were not signed by the declarant. (*Boulden v. State*, 102 Ala. 78, explained and modified.)

3. *Dying declarations; when admissible.*—To render dying declarations admissible in evidence, it is not necessary that they should be made when the declarant is *in articulo mortis*. The requirement of the rule is met if the declarations are made after the infliction of a mortal wound, and after all hope of recovery is lost by the declarant, and he realizes his impending dissolution.

4. *Same; rendered admissible by re-affirmance.*—Where the declarations of a deceased, made and written down when the declarant had not lost all hope of recovery, are re-affirmed as true and correct after the declarant has given up all hope of recovery and realizes his impending death and while he was in possession of his mental faculties, such declarations are admissible in evidence; and this true, even though the declarations were not read over to the declarant at the time of the re-affirmance of their correctness.

5. *Absent witness; admissibility of testimony on preliminary examination.*—The testimony of a witness who was examined on the preliminary investigation before a committing magistrate, an opportunity for the cross-examination of the witness having been given the accused, is not admissible on the subsequent trial, upon proof of the fact merely that such witness is absent from the State; it being necessary to establish a proper predicate for the introduction of secondary evidence by proving that the witness was either a non-resident of the

[Sims v. The State.]

State or was absent from the State permanently, or for such a length of time that his return was contingent or conjectural.

6. *Homicide; admissibility of evidence that deceased carried a pistol.*—On a trial under an indictment for murder, it is not competent to prove by a witness other than the defendant that the deceased was in the habit of carrying a pistol; such fact not being traced to the defendant's knowledge.

7. *Charges which are argumentative, confusing or invasive of the province of the jury* are erroneous, and properly refused.

APPEAL from the County Court of Clay.

Tried before the Hon. G. K. MILLER.

The appellant in this case, John B. Sims, was indicted and tried for the murder of Howard L. Pace, was convicted of manslaughter in the first degree and sentenced to the penitentiary for seven years. The facts relating to the rulings of the court upon the introduction of the testimony of the attending physician and of the dying declarations made by the defendant, are sufficiently shown in the opinion.

One Thomas Barnhill was introduced as a witness for the State and testified that he was the father of G. R. Barnhill, and in reference to the absence of G. R. Barnhill, he testified as follows: "He is in Texas. I received a letter from him dated at Dublin, Texas, a few days ago." After proving that said G. R. Barnhill was examined as a witness on the preliminay trial of the defendant and that his testimony was reduced to writing and signed by him, and the proving of the signature, the State offered to introduce in evidence the paper containing the written testimony of said Barnhill. The defendant objected upon the ground that no sufficient predicate had been laid for the introduction thereof. The court overruled the objection and the defendant duly excepted.

During the examination of Will Steed as a witness for the defendant, and after testifying that he was with the defendant just before the homicide, he further testified that the deceased owned two pistols and tried to sell him one. Thereupon the defendant's counsel asked the said witness the following question: "State whether or

not you knew Pace was in the habit of carrying a pistol?" The State objected to this question, because it called for irrelevant, immaterial and illegal evidence. The court sustained the objection, and to this ruling the defendant duly excepted.

The defendant requested the court to give to the jury, among others, the following charges, and separately excepted to the court's refusal to give each of them as asked: (9.) "The law of retreat does not require a man to run or retire from a pistol or knife in shooting or striking distance, because to do so would tend to increase the peril, and no man is required to do that." (13.) "It is not the law that a dying declaration should be regarded as better or equal to the testimony of a witness delivered in your presence under oath, and under cross-examination." It is unnecessary to set out the 7th and 16th charges.

KNOX, BOWIE & DIXON and LACKEY & BOWLING, for appellant.—It is not the condition of the deceased as known to his friends or physician, that makes his dying declarations admissible; but it is his condition as conceived in his own mind. He must be, and believe he is, *in extremis.*—1 Greenleaf, § 158; *Hussey v. The State,* 87 Ala. 121; *Pulliam v. The State,* 88 Ala. 1; *Wills v. The State,* 74 Ala. 21; *May v. The State,* 53 Ala. 39.

It is the well settled law in this State, that there should be a rigid observance of the limitations placed on the admission of all kinds of declarations when offered in evidence.—*Justice v. The State,* 99 Ala. 108; *Young v. The State,* 95 Ala. 5.

When the declaration has been reduced to writing, every reasonable effort which might have resulted in the production of the written statement must be shown to have been made without avail, before secondary evidence of such declarations can be received.—*Boulden v. State,* 102 Ala. 78.

The charges requested by the defendant should have been given.

MASSEY WILSON, Attorney-General, for the State.—Dr. Northern was properly permitted to testify that in his opinion when he first saw deceased he was fatally wounded.—*Simon v. State*, 108 Ala. 27; *Page v. State*, 61 Ala. 16.

TYSON, J.—The matters presented for review by the record in the case involve rulings by the trial court upon the admission and exclusion of evidence and the refusal of certain written charges requested by the defendant. Proceeding to consider the exceptions taken to the admission of evidence, the first of these relates to the testimony of the physician who attended the deceased after he had received the wound which caused his death, in which the witness was permitted to state in his opinion the wound was fatal. There was no error in this.—*Simon v. State*, 108 Ala. 27; *Page v. State*, 61 Ala. 16.

Assuming for the purposes in hand that the dying declarations which were reduced to writing but not signed by the declarant were not lost, but actually in the possession of the prosecuting attorney, the objection taken to the oral proof of them because of the writing is without merit.—*Kelly v. State*, 52 Ala. 361; *Anderson v. State*, 79 Ala. 5; *Darby v. State*, 92 Ala. 9; *Jarvis v. State*, 138 Ala. 17. The defendant relies upon *Boulden v. State*, 102 Ala. 78, as supporting his objection. It must be admitted that this case is not in accord with those cited above, if the writing evidencing the declarations was not signed by the declarant, which fact is not shown either in the statement of the facts by the reporter or by the learned judge in his opinion. If such was the fact the decision is wrong and we must decline to follow it. We are not prepared to concede its correctness if the fact was that the declarant signed the writing.

Two other objections were interposed to the admission of the dying declarations as testified to by some of the witnesses examined on behalf of the State. They were these: 1st. It did not appear that the declarant was conscious of his condition and was entirely without hope of recovery; 2d, that it appeared that he was not in a condition to make an intelligent statement.

It is undoubtedly true that it is not the condition of the declarant as known to his family or his attending physician, that makes his declarations admissible. "It is essential to their admissibility that, at the time when they are made, the declarant should have been in actual danger of death, that he should then have had a full apprehension of his danger and that death has ensued."—1 Taylors' Ev. 718. "It is the impression of impending death, and not the rapid succession of death in point of fact, which renders the testimony admissible."—*Pulliam v. State*. 88 Ala. 3.

The evidence shows that the deceased was mortally wounded. He died within twenty-four hours after he was shot. He was told by his attending physician, that death was inevitable and would soon come. It is true he seems to have had some hope of recovery the next morning after he was shot, and so expressed himself, and to have entertained that hope when his declaration was reduced to writing. However, subsequently, during the day on which his declaration was reduced to writing, his attending physician was sent for and found him in a sinking spell. Just prior to his physician's arrival the evidence on the part of the State shows that he abandoned all hope of recovery and so expressed himself. Indeed, only a short period of time elapsed between his statement that he could not live and the arrival of his physician to whom he almost immediately affirmed the correctness of the declarations he had previously made as to the difficulty which had been reduced to writing. In this respect, the case is strikingly similar to what occurred in Johnson's case.—*Johnson v. State*, 102 Ala. 114. It is true there is evidence on behalf of defendant tending in some degree to show that declarant never entertained the conviction that his wound would result fatally. So, too, there is some conflct in the testimony as to whether the declarant's mental condition was such as that he intelligently understood what he was saying when he made the declarations and also when he reaffirmed their correctness to his physician. But these matters in respect to the question in hand, were for the

determination of the trial judge, (*Ward v. State, 78 Ala. 446*), and we are unable to affirm that his findings with respect to them were erroneous. The dying declarations were properly admitted.

The testimony of G. R. Barnhill deposed to by him on the preliminary trial before the committing magistrate was erroneously admitted. No sufficient predicate was laid for its introduction. All that was shown preliminary to its introduction is that he was in the State of Texas at the time of the trial of this cause. It is not shown inferentially or otherwise that he has left the State permanently or for such an indefinite time that his return is contingent and uncertain. *Non constat,* he may have been simply on a visit to Texas, and expected to return to his home in Alabama within a short period of time.—*Thompson v. State,* 106 Ala. 67; *Mitchell v. State,* 114 Ala. 1; *Jacobi v. State,* 133 Ala. 1.

It can not be assumed that upon another trial a sufficient predicate will be laid for the introduction of this testimony. We, therefore, do not deem it necessary to pass upon the other objection interposed to a certain part of it. However, as to its admissibility, see *Walker v. State,* 52 Ala. 192, 194; *Sullivan v. State,* 102 Ala. 141, 142.

While it is true that in the cases of *Cawley v. State,* 133 Ala. 128; *Naugher v. State,* 116 Ala. 463, and *Wiley v. State,* 99 Ala. 146, it was held that it was error not to allow the defendant to testify as tending to support his plea of self-defense that the deceased was in the habit of carrying a pistol, which fact was known to him, these cases do not go to the extent of supporting the contention that a witness other than defendant knew this fact, when such fact is not traced to defendant's knowledge. We are unwilling to extend the principle further than is declared in those cases. There was no eror in the ruling on this point.

This brings us to a consideration of the written charges refused to defendant. Charge 7 is argumentative, confusing and singles out particular portions of the testimony.

Charges 9 and 16 are so manifestly bad that it is un-

[Thomas v. The State.]

necessary to point specially their vices. Charge 13 invades the province of the jury. What weight should be given dying declarations is for their determination alone.—*Kilgore v. State*, 74 Ala. 7; *Justice v. State*, 99 Ala. 180.

Reversed and remanded.