# Rodgers *v.* State.

## *Murder.*

[DECIDED APRIL 5, 1906, 40 So REP. 572.]

1   *Indictment; Motion to Quash; Grounds.*—The fact that 23 persons were drawn to serve as grand jurors, instead of 21 as required by law, was not good grounds for motion to quash an indictment found by this body, as the error, if any, is cured by § 5269, Code 1896.

2.  *Witnesses; Attendance; Compulsory Process; Right of Accused.*— The accused has the right to have compulsory process to secure the attendance of witnesses, although the matter of a continuance is within the discretion of the trial court; but in order to obtain advantage of the court's action, on appeal, the proper motions should have been made in the court below, and they should be shown by the bill of exceptions.

3.  *Homicide; Evidence; Habits of Deceased; Knowledge.*—It is proper not to permit testimony concerning deceased's habit of carrying a pistol, unless it is coupled with evidence that the defendant knew of this habit.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

The defendant was indicted, tried and convicted for the murder of Wade Moore by shooting him with a gun. The motion to quash the indictment, the exceptions to evidence and other matters necessary to a proper understanding of the opinion sufficiently appear therein.

[Rodgers v. State.]

BARNETT & BUGG, and BAYLES, HYBART & BURNS for Appellant.—The motion to quash the indictment should have been sustained. The jury commissioners of Monroe county had no authority to draw and summon more than 21 persons to serve on the Grand Jury.—Code of 1896, § 4989; *Berry's case,* 63 Ala. 126; 12 Am. St. Rep. 904 and note.

The state should have been put on an admission of a showing as to what defendant expected to prove by absent witnesses.—*Walker v. State,* 117 Ala. 85.

The questions propounded to Lambert should have been admitted in evidence.—*Wiley v. State,* 99 Ala. 146; *Naugher v. State,* 116 Ala. 436.

MASSEY WILSON, Atty. Gen. for State.—Motion to quash the indictment on account of the jury commissioners having drawn more names than the law authorized from which to constitute the grand jury falls within the curative provisions of § 5269 of the Code, and the defendant cannot take advantage of it. The motion was properly overruled.—*Linehan v. State,* 113 Ala. 706; *Kitt v. State,* 117 Ala. 213; *Lide v. State,* 133 Ala. 43; *Dunn v. State,* 39 So. 147.

It not appearing that the witnesses were within the jurisdiction of the court, or that the defendant had shown any diligence in procuring their attendance, the court rightfully refused to put the State upon the admission of a showing for the witnesses.—*Walker v. State,* 117 Ala. 85. The objection to the question put by defendant to witness, Lambert, was properly sustained.—*Simms v. State,* 139 Ala. 74.

SIMPSON, J.—The appellant (defendant) was tried and convicted of the offense of murder, and his punishment fixed at imprisonment in the penitentiary for life. The defendant moved to quash the indictment because 23 persons were drawn to serve as grand jurors; the contention being that, as section 4989 of the Criminal Code of 1896 provides that "not less than fifteen, nor more than twenty-one persons for each grand jury" shall be drawn from the jury box,

the organization of this grand jury was illegal. Section 5269 of the same Code provides that "no objection can be taken to an indictment * * * on any ground going to the formation of the grand jury, except that the jurors were not drawn in the presence of the officers designated by law." The decisions of this court have been uniform to the effect that this latter section is an absolute limitation of the subject named in the statute, as the only cause which can be assigned in such cases. *Linehan v. State,* 113 Ala. 70, 21 South. 497; *Kitt v. State,* 117 Ala. 213, 23 South. 485; *Lide v. State,* 133 Ala. 43, 58, 31 South. 953; *Dunn v. State,* 39 South 147 So this assignment is without merit.

It is next insisted that the court erred to the injury of the appellant in "not putting the state upon a showing as to what defendant expected to prove by the absent witnesses English and Cuthbert." It is true that, although the matter of continuance is, as a general rule, within the discretion of the trial court, and will not be reviewed, yet the courts will not allow this rule to operate to the extent of depriving a defendant of the benefits of the constitutional guaranty "to have compulsory process for obtaining witnesses in his favor."—Walker v. State, 117 Ala. 85, 88, 23 South. 679; *Hill v. State,* 72 Miss. 527, 17 South. 375. In order, however, to bring the matter properly before this court, the defendant is required to make proper motions and exceptions in the court below, so that the record may show whether or not he has been deprived of a substantial right. The claim here is that, although subpœnas had been issued for these witnesses and returned executed, yet the sheriff testified that the return was erroneous, and that the witnesses had not in fact been served. The record merely shows that the defendant "announced not ready" on account of the absence of these witnesses; then shows the evidence that one of them lives in the state, and that the other was in the state last year; and that "the court refused to put the state on the admission of a showing as to what defendant expected to prove by said absent witnesses." But it does not show that any motion was made for a continuance, or that the court was informed as to what was expected to be proved by these witnesses,

[Shirley v. State.]

so that the court might judge as to their materiality, and as to whether the application was *bona fide*. These being the facts, we cannot say that the court erred in the matter.

The next assignment of error insisted on is that the court improperly sustained the objections to the questions propounded to the witness Lambert as to the habit of deceased in regard to carrying a pistol. This court has heretofore held that such questions were improper, unless coupled with proof that the defendant knew of said habit.—*Sims v. State,* 139 Ala. 74, 79, 36 South. 138, 101 Am. St. Rep. 17.

The judgment of the court is affirmed.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.