# Pate *v.* The State.

## *Murder.*

(Decided June 30, 1909. 50 South. 357.)

1. *Homicide; Evidence; Self Defense.*—On the issue as to whether defendant reasonably apprehended danger to his life or great bodily harm, it was competent to show that the general reputation of the deceased was that of a dangerous and bloodthirsty man who would act treacherously.

2. *Evidence; Character; Place.*—Where witness testified to the general character of the deceased in the community in which deceased lived, he could also testify to such character of the deceased in the community in which witness lived, if he knew it, although eight miles difference from the home of the deceased, and in another state; character is the reputation one bears in the neighborhood in which he may reside or in which he is known.

3. *Same; Uncommunicated Intention.*—One cannot testify as to one's uncommunicated motives or intention.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Allen Pate was convicted of manslaughter in the 1st degree, and he appeals.   Reversed and remanded. .

W. O. MULKEY, for appellant.—It was competent to show the blood-thirsty character of deceased as shedding light on the question of defendant's self defense.—6 Ency of Evi. 772; *State v. Sumner,* 130 N. C. 781; 21 Cyc. 956; *State v. Ellis,* 30 Wash. 369.

ALEXANDER M. GARBER, Attorney-General, for the State.—The evidence was irrelevant and could not have reduced the crime to manslaughter.—*Morrison v. The State,* 84 Ala. 405; *Rodgers v. The State,* 144 Ala. 32.

SIMPSON, J.—The appellant was indicted for murder in the second degree, and was convicted of manslaughter in the first degree.   The witness Jacobs and others had testified that the deceased was a dangerous, bloodthirsty man, particularly when drinking, and said witness was asked by the defendant, on cross-examination, "whether or not he knew the character of the deceased as being a man that would slip up on his adversary and take him unawares."   The state objected to this question, and the objection was sustained.

If the general character of the deceased may be shown, in order to throw light upon the fact as to whether the defendant had a right to think that his life was in danger, there seems to be no good reason why the witness, in testifying to his general character, may not be asked to state in what manner he had the general character of acting.   If, according to general reputation, he was not only a bloodthirsty man, but one who, in carrying out his bloodthirsty designs, would act stealthily or treacherously, it would furnish an additional reason why one should be particularly on his

guard against him. It is upon this principle that it is allowable to prove that the deceased was in the habit of carrying a concealed weapon, within the knowledge of the defendant.—*State v. Ellis,* 30 Wash. 369, 70 Pac. 963; *Rodgers v. State,* 144 Ala. 32, 40 South. 572. The defendant is presumed to know the general reputation of the deceased, as that means that it is generally known in the community. The Supreme Court of North Carolina holds that it is competent to show the general reputation of the deceased for a particular character of violence, to wit, that his reputation was that of a man who "would walk up to a man and ask him for his right hand and stick a knife in him with his left hand."—*State v. Summer,* 130 N. C. 718, 721-723, 41 S. E. 803, 805. The court erred in excluding this evidence.

The court erred in excluding the testimony of the witness Caleb Crutchfield as to the general character of the deceased in the community in which the witness lived. A place eight miles distant is practically in the same community, and the fact that an imaginary state line runs between does not make it any the less the same community. The testimony only showed that the character of the deceased was so pronounced that it extended as far as eight miles from his home. It was not testimony as to the character which the deceased had made in another community, but testimony as to the character which he had made at his home, the repute of which had extended thus far. Character is "the reputation he bears in the neighborhood or society in which he may reside or in which he is known."—*McQueen v. State,* 108 Ala. 55, 18 South. 843. The witness testified to his general character in the community in which the deceased lived, and he could also testify to said character in the community in which the witness lived.

The defendant, in testifying, stated that just before the killing he "walked from behind the counter towards the back end, to get a package which he had, preparatory to going home." The state moved to exclude that part of said expression, and the court excluded the same. The defendant invokes the rule in other jurisdictions, and insists that this court should overrule its decisions to the effect that a witness cannot testify as to his uncommunicated intentions. This court is not disposed to recede from its position. There was no error in the action of the court in excluding said testimony.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.