(79 South. 196)

STONER v. STATE. (7 Div. 515.)

(Court of Appeals of Alabama. June 4, 1918.)

1. HOMICIDE ⬦⟶163(2)—EVIDENCE—CHARACTER OF DECEASED.

In prosecution for murder, defended on the ground that accused was attempting to arrest deceased for an assault to rape his sister, evidence of deceased's general character in any respect was not admissible.

2. HOMICIDE ⬦⟶163(2)—EVIDENCE—ADMISSIBILITY.

In prosecution for murder, the fact that a prosecution was pending against deceased for an assault to rape accused's sister, was immaterial.

3. CRIMINAL LAW ⬦⟶448(10) — EVIDENCE — CONCLUSIONS OF WITNESSES.

Question whether deceased seemed to have certain things on his mind was objectionable, as calling for a conclusion of a witness.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Curtis Stoner was convicted of murder, and he appeals. Affirmed.

Hunt & Wolfes, of Ft. Payne, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] There is no evidence showing or tending to show that the killing involved in this case was done in the resistance of force attempted or threatened by the deceased against the life or person of the defendant or his sister. The sole theory of the defense interposed was that Goodwin was shot by the defendant in an attempt to arrest him for a felony committed, an assault with intent to rape defendant's sister, and at the time the fatal shot was fired, the deceased was fleeing from the scene of the alleged crime, and from the defendant. There is therefore no predicate to jutify the introduction of evidence of the deceased's general character in any respect. Wigmore's Evidence, § 246; Green v. State, 143 Ala. 2, 39 South. 362; Sims v. State, 139 Ala. 74, 36 South. 138, 101 Am. St. Rep. 17; Rodgers v. State, 144 Ala. 32, 40 South. 572.

The testimony of the witness De Jarnette showed that he had no personal knowledge as to where the defendant was standing when he fired on the deceased, and the ruling of the court on the solicitor's objection to the statement of this witness, to wit, "that the distance from where the track showed where Stoner was standing was about 20 yards from the spring path going across the path from the hog pen," was free from error.

[2, 3] The fact that a prosecution was pending against the deceased for an assault with intent to rape was clearly immaterial to the issues in this case. The question to the witness Crane "if Goodwin seemed to have things of that sort on his mind" called for a conclusion of the witness and was otherwise objectionable.

This disposes of all the questions presented on this appeal.

We find no error in the record, and the judgment is affirmed.

Affirmed.