(104 So. 668)

## WHITTLE v. STATE. (4 Div. 190.)

(Supreme Court of Alabama. May 14, 1925. Motion to Set Aside Submission Denied June 11, 1925.)

**1. Homicide ⊂⊃294(1)—Requested charge on insanity held properly refused as argumentative and erroneous.**

In murder prosecution, defendant's requested charge on insanity as defense *held* properly refused as argumentative and failing to rest unsoundness of mind as result of diseased brain.

**2. Homicide ⊂⊃294(1)—Requested instruction on insanity as defense properly refused as failing to rest unsoundness of mind as result of diseased brain.**

In murder prosecution, defendant's requested charge that, if at time of shooting defendant had lost his power to choose between right and wrong, he should be acquitted was properly refused in failing to rest unsoundness of mind as result of a diseased brain.

**3. Criminal law ⊂⊃829(1)—Requested charges, covered by oral and given charges, properly refused.**

No prejudicial error could result from refusal of defendant's requested charges, which were, in substance, embraced in oral charge or those given for defendant.

**4. Homicide ⊚◻339—Exclusion of testimony, if error, held not prejudicial, in view of evidence admitted.**

In prosecution for murder, exclusion of testimony that defendant was afflicted with some kind of spells, and "kind of crazy," whether erroneous or not, *held* not prejudicial, where witness later testified in detail to facts tending to show an abnormal condition.

**5. Criminal law ⊚◻1170(3)—Exclusion of evidence afterwards admitted not prejudicial.**

Exclusion, on defendant's direct examination, of evidence, admitted without objection on his redirect examination, was not prejudicial.

**6. Homicide ⊚◻300(14)—Requested instructions on self-defense, omitting element of peril, properly refused.**

Requested instructions on doctrine of self-defense, omitting the element of peril, were properly refused.

**7. Homicide ⊚◻300(5)—Unintelligible charge on self-defense properly refused.**

Defendant's requested charges on self-defense, rendered unintelligible by use of wrong words, *held* properly refused.

**8. Homicide ⊚◻300(14)—Requested self-defense instruction, pretermitting freedom from fault in bringing on difficulty, properly refused.**

Charge that, if assault was felonious and forcible, defendant was under no duty to retreat, and might kill deceased, pretermitted freedom from fault in bringing on difficulty, and was properly refused.

**9. Criminal law ⊚◻815(9)—Instruction properly refused for failing to predicate acquittal on consideration of evidence in case.**

Charge that jury should acquit if not satisfied beyond reasonable doubt, etc., of guilt, and that "probability of innocence" was not necessary to raise reasonable doubt, was properly refused, because it failed to predicate acquittal on consideration of evidence, and because of the expression, "probability of defendant's innocence."

**10. Criminal law ⊚◻404(3)—Homicide ⊚◻174(1)—Competent to show that empty shell corresponded with cartridges defendant gave to another, and shells properly admitted.**

Where an empty shell was found in field where evidence tended to show defendant stood when fatal shots were fired, it was competent to show that such shell corresponded with cartridges which defendant gave to another shortly after shooting, and both cartridges and empty shell were properly admitted in evidence.

**11. Criminal law ⊚◻695(2)—Statement of witness, identifying pistol in evidence as defendant's, that another took it off of defendant, not objectionable as illegal, irrelevant, and immaterial.**

Testimony of witness, identifying pistol in evidence as defendant's, that he had seen it on defendant, and that another "took it off of him," was not subject to objection that it was illegal, irrelevant, and immaterial, and, if answer was objectionable because of manner of statement, specific objection should have been interposed.

**12. Homicide ⊚◻163(1) — Defendant's offered testimony that he was in habit of carrying pistol properly excluded.**

Court did not err in refusing to permit defendant to show by a witness that defendant was in habit of carrying a pistol.

**13. Criminal law ⊚◻419, 420(10)—Testimony that deceased stated that he carried his pistol, not made in defendant's presence, properly excluded as hearsay.**

Testimony of witness as to what, was said by deceased a few days before killing to effect that he carried his pistol, defendant not being present, was hearsay, and properly excluded.

**14. Homicide ⊚◻169(1)—Permitting question as to how long defendant stayed at house after deceased passed held not error.**

Where defendant and his son were in field near road near which it was claimed defendant lay in wait, and defendant's son testified on cross-examination, without objection, that, after deceased had passed shortly before the shooting, defendant went back to the house, it was not error to permit state to further ask witness how long defendant stayed at house, to which witness answered, "Just a few minutes."

**15. Witnesses ⊚◻329—State properly permitted to ask defendant's witness whether other pistols did not have same mark as that identified as belonging to deceased.**

Where defendant's witness identified pistol in evidence as one he saw in possession of deceased the morning of killing, and that he identified pistol by mark on it, state was properly permitted to ask him if he had not seen other pistols similarly marked.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Noah Whittle was convicted of murder in the first degree, and he appeals. Affirmed.

These charges were refused to defendant:

"(14) If the jury are not satisfied beyond a reasonable doubt to a moral certainty, and to the exclusion of every other reasonable hypothesis, but that of the defendant's guilt, they should find him not guilty on his plea of not guilty. And it is not necessary to raise a reasonable doubt that the jury should find from all the evidence a probability of the defendant's innocence in the testimony, and, if the jury have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to find the defendant not guilty on his plea of not guilty."

"(23) The court charges the jury that an unsound mind cannot form a criminal intent, and that crime includes both the act and intent, and an indispensable ingredient is wanting when the mind of the perpetrator is diseased to that degree which is by law pronounced insanity, and, if the jury believe, after considering all the testimony, that the defendant at the time of the alleged commission of the offense was of unsound mind, then their

verdict would be not guilty on his special plea of not guilty by reason of insanity."

"(25) The court charges the jury that, if the assault made by the deceased in this case on the defendant was felonious in its purpose and forcible in its nature, then the defendant would be under no obligation to retreat but he has the right to stand his ground and kill the deceased if necessary."

"(27) The court charges the jury that, although they may believe from the evidence in this case that at the time defendant shot Slocomb he knew it was wrong, yet if they believe at the time of the shooting that the defendant had lost his power to choose between right and wrong, then the jury must acquit the defendant on his plea of not guilty by reason of insanity."

"(33) If the defendant at the time of the killing entertained a reasonable apprehension, or gave personal violence involving imminent peril to life or limb, and could not retreat in safety or without putting himself at a disadvantage, then the killing would not be wrongful, and it would be the duty of the jury to acquit him on his plea of not guilty, unless the jury further believes for the evidence that the defendant was at fault in bringing on the difficulty."

Albert Carmichael and C. D. Carmichael, both of Geneva, and Espy & Hill, of Dothan, for appellant.

Charges 23 and 27 were correct, and should have been given. Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am. Rep. 193; Parrish v. State, 139 Ala. 40, 36 So. 1012. Charge 25 should have been given. Hammil v. State, 90 Ala. 577, 8 So. 380. Defendant should have been permitted to show he was in the habit of carrying a pistol. Naugher v. State, 116 Ala. 466, 23 So. 26; Wiley v. State, 99 Ala. 146, 13 So. 424.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charges not requiring a finding to be based on the evidence are bad. Edwards v. State, 205 Ala. 160, 87 So. 179. The judgment entry shows the case was tried on the plea of not guilty, and it will be presumed the plea of insanity was abandoned. Baker v. State, 209 Ala. 142, 95 So. 467. Counsel discuss other questions, but without citing additional authorities.

GARDNER, J. Appellant was convicted of murder in the first degree, and his punishment fixed at life imprisonment.

The defendant was arraigned and tried at the July term, 1924, of the court, at which time the final judgment entry recites that "the defendant, * * * being in open court, and being arraigned to the indictment as read to him, pleads not guilty." This judgment entry then proceeds to fix the number of jurors to constitute the trial which was set for July 10, 1924, and required service of a copy of the indictment and venire as provided by law. Under date of July 10, 1924, the judgment entry then shows that issue was joined by the state "on the defendant's plea of not guilty, and a trial was entered upon." The judgment entry on the trial of this cause before the jury discloses, therefore, the defendant entered only the plea of not guilty, and issue joined thereon by the state.

In Baker v. State, 209 Ala. 142, 95 South. 467, it was held such final judgment entry is conclusive, and a special plea of not guilty by reason of insanity elsewhere appearing in the record will be presumed to have been abandoned. Under the above-cited authority, therefore, the conclusion would be that the question of defendant's sanity, vel non, was not an issue in the case, and the charges refused to defendant and rulings on evidence touching this issue might well be pretermitted.

[1-3] It is apparent, however, from other portions of this record that in fact the plea of not guilty by reason of insanity was interposed, and that defendant's sanity, vel non, formed an issue in the cause, which was submitted to the jury. In view of this situation, therefore, and the importance thereof to this defendant, we have thought it proper to consider the questions arising from this plea. There were charges refused to defendant numbered 23, 26, 27, 30, 31, 32, and 34, directed to this issue. Charge 23 is argumentative, and is also objectionable, in that it fails to rest the unsoundness of mind as a result of a diseased brain, and this latter criticism is also applicable to refused charge 27. Parson's Case, 81 Ala. 577, 2 So. 854, 60 Am. Rep. 193. But we find no occasion to here treat the remaining refused charges separately. We have examined the oral charge of the court with care, and by way of comparison with the refused charges and in connection with charges 28, 29, and 35, given upon this issue for defendant, and the conclusion has been reached that the substance of each of the refused charges was embraced in the oral charge or those given for defendant. In no event, therefore, could prejudicial error have intervened in the refusal of any of these charges.

[4, 5] While the state's objection to the statement of the witness Mamie Hendricks that defendant was "afflicted with some kind of spells. I reckon you call it kind of crazy," was sustained, yet it very clearly appears that immediately thereafter the witness testified in detail as to the facts tending to show an abnormal condition of the defendant, and, whether the ruling was erroneous or not (a question we do not decide), defendant suffered no prejudice thereby. This observation is likewise applicable to the ruling of the court in declining to permit defendant on his direct examination to state what deceased said to him about his (defendant's) daughter, as we find on page 85 of the record

where defendant testified, without objection, to this matter on re-direct examination. These constitute the questions which counsel have considered of sufficient importance to merit discussion upon this issue, and we find in them no reversible error, nor in the other few remaining questions not herein discussed.

The evidence for the state tended to show that defendant lay in wait near a road, and without excuse or justification shot deceased [one Slocomb] as he rode by in a buggy; while, on the other hand, defendant insists that, although he shot and killed the deceased, he acted in self-defense.

Charges 1, 2, 6 and 7, refused to defendant, relate to the subject of self-defense, and are substantially covered by charges 1 and 2, given for defendant, as well, also, the oral charge of the court.

[6-8] Refused charges 11 and 22 on the doctrine of self-defense omit the element of peril but were they free from defect their substance was fully embraced in the oral charge. Charge 23½, refused to defendant, is substantially set forth in charges 2 and 16, given at his request. Aside from any other consideration, the word "is" in refused charge 25 renders the charge unintelligible, and justifies its refusal. South. Ind. Inst. v. Hellier, 142 Ala. 686, 39 So. 163; 12 Michie Dig. 522. But, though considered as corrected, the charge was otherwise faulty in pretermitting a freedom from fault in bringing on the difficulty. Davis v. State, 188 Ala. 59, 66 So. 67; Hammil v. State, 90 Ala. 577, 8 So. 380.

[9] Refused charge 14 treats the question of reasonable doubt and the degree of conviction in the mind of the jury before a verdict of guilt is justified—a matter which seems to have been sufficiently stressed in the oral charge, though not in the exact language of this charge. Aside from this, however, we find no error in its refusal. While the charge is very similar to charge 10 held good in Bell v. State, 115 Ala. 25, 22 So. 526, yet our subsequent cases are to the effect that charges of this character may be properly refused for the failure to predicate the acquittal upon a consideration of the evidence in the case (Davis v. State, supra), and for the use of the expression "probability of defendant's innocence" (Edwards v. State, 205 Ala. 160, 87 So. 179).

The refusal of charge 33 may be justified —pretermitting any other consideration— upon typographical errors in the use of the words "or gave" and the word "for" as found therein, rendering the charge unintelligible. 12 Michie Dig. 522.

[10, 11] There was evidence to the effect that on the morning of the shooting, and in a short time thereafter, defendant talked with one Howell, a witness for the state, concerning the difficulty, handing him the pistol and also some cartridges. Defendant insists that he took the pistol from the deceased, though defendant actually owned it, and deceased merely had its temporary possession. An empty shell was found in the field where the evidence for the state tended to show defendant stood when the fatal shots were fired. It was competent to show this shell corresponded with the cartridges defendant handed Howell. The cartridges had been delivered by Howell to Sheriff Grice, who identified them together with the pistol which had also been given him, and were properly admitted in evidence. Witness Commander was mayor of Hartford, and identified the pistol in evidence as defendant's pistol, and testified he had seen it on defendant in the mayor's court, further saying, "Mr. Ross took it off of him." Very clearly, the grounds of objection that this testimony was illegal, irrelevant, and immaterial were without merit. The statement of the witness to the effect that the pistol was taken off of the defendant was but a statement of the circumstances concerning the time when he first saw it, and, if the answer was objectionable on account of the manner of the statement, specific objection should have been interposed thereto.

[12] There was no error in the refusal of the court to permit defendant to show by the witness Anderson that he, the defendant, was in the habit of carrying a pistol. In cases cited by appellant (Naugher v. State, 116 Ala. 463, 23 So. 26, and Wiley v. State, 99 Ala. 146, 13 So. 424), the court held that, where defendant relied upon self-defense, and threatening demonstrations on the part of deceased, it was competent to show that deceased was in the habit of going armed, and that this fact was known to the defendant. These authorities, therefore, are not in point, and do not support appellant's contention.

[13, 14] So, also, there was no error in sustaining the state's objection to the testimony of Charlie Whittle as to what was said by deceased [defendant not being present] a few days before the killing, to the effect that he carried his pistol. It was hearsay testimony only. On the morning of the killing defendant and his son Charlie were in the field which was near the road where deceased was shot. Charlie testified in defendant's behalf. The proof for the state tended to show that a short time before the difficulty deceased passed on the road going to Hartford, and the son on cross-examination stated, without objection, that, after deceased had gone to Hartford, defendant went back to the house. As to whether or not defendant saw and knew deceased had just passed and gone to Hartford was a question for the jury. Clearly, there was no error in permitting the state to further ask the witness how long his father stayed at the house at that time, to which the witness answered, "Just a few minutes."

[15] Stansell, witness for the defendant, had identified the pistol in evidence as the one he saw in possession of deceased the morning of the killing. The witness stated he identified the pistol by the mark on it made by filing off the words "Property of the United States government," and it requires no discussion to show that the state on cross-examination was properly permitted to ask the witness if he had not seen other pistols similarly so marked.

Finding no reversible error, the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MIL-LER, JJ., concur.