33 So.2d 885

**KYZER v. STATE.**

6 Div. 335.

Supreme Court of Alabama.

July 31, 1947.

Rehearing Denied Feb. 26, 1948.

280

Gordon Davis, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

LIVINGSTON, Justice.

Howard Kyzer, alias Howard Kaiser, was tried in the Circuit Court of Tuscaloosa County, Alabama, under an indictment charging him with the offense of robbery, and, upon conviction, his punishment was fixed at imprisonment in the State penitentiary for a period of thirty-five years. From the judgment and sentence he has appealed to this Court.

The State's evidence tended to show that between three and four o'clock in the morning of November 2, 1944, this appellant, accompanied by Leslie Spencer and his wife (Mrs. Spencer being the niece of the appellant) went to the home of one Robert Norris, a negro man about sixty-five years of age, whose home was located in the rural section of the northern portion of Tuscaloosa County, and then and there with appellant threatening Norris with a double barrel shotgun, and at the point of the gun, took from his person and from his bed the sum of thirteen dollars in currency and small change, and carried it away. Norris testified that in addition to the money, the parties took from him a box of twelve gauge shotgun shells and a pint of whiskey which he had hidden in a jug near his home.

Norris further testified that following the taking of the money, shells and liquor, he was forced at the point of the shotgun, and without being allowed to put on his shoes, to accompany appellant and the Spencers for a distance of more than a mile from his home, where he was again threatened, and after a number of shots

were fired into the ground near his feet, forced to reveal where he had other money hidden in and around his house: further, that he was, at this point, forced to return to his home with the Spencers, the appellant remaining behind.

Other witnesses for the State testified, in substance, that appellant and Mr. and Mrs. Spencer were seen together in the late afternoon or early evening preceding the robbery, and again on the morning thereafter in the neighborhood of where Norris lived; that the shotgun, identified by Norris as the one used by the appellant and the Spencers in the robbery, was in the possession of Leslie Spencer at the time of the robbery, having been borrowed from a neighbor a short time prior thereto; that shots were heard during the night at the approximate time of the robbery, and in the general vicinity of the shooting testified to by Norris; that persons were seen traveling the road leading toward Norris' house, and that Mr. and Mrs. Spencer, armed with a shotgun, were seen traveling the road leading away from the home of Norris in the early hours of the morning of November 2d. That on the morning of the robbery, appellant and the Spencers were together and had in their possession a quantity of whiskey. Norris testified that he had known appellant almost all his life, and positively identified him as a participant in the commission of the offense.

Appellant's evidence tended to establish an alibi. It was to the effect that appellant spent the night on which the offense was committed at the home of a sister and brother-in-law, and that he was in no way connected with the crime charged.

■ There can be no doubt that if the jury believed the State's evidence a conviction for the offense charged in the indictment was justified.

Counsel for appellant interposed a large number of objections and exceptions to the rulings of the trial court upon the introduction of testimony: some with assigned grounds, others without. In fact, practically every question propounded to the State's witnesses was objected to, and motion made to exclude witnesses' answers. We will not attempt to discuss each such objection and exception separately: the same being for the most part trivial and of no consequence in the determination of the appeal.

■ An exploded or fired twelve gauge shotgun shell, allegedly fired by appellant at or near the home of Norris at the time of said robbery, was introduced in evidence over appellant's objection. Deputy sheriff Wright identified the shell as one picked up by him in Norris' yard a few days after the alleged robbery. Norris testified that appellant fired the shell near the edge of his yard on the night of the robbery. Clearly enough this evidence was competent to go to the jury on the question of force used in taking Norris' money. See Whittle v. State, 213 Ala. 301, 104 So. 668; Fuller v. State, 147 Ala. 35, 41 So. 774.

■ Two other fired or exploded twelve gauge shells were introduced. Deputy Wright testified that he fired the shells from the gun which Norris testified was used in the commission of the offense. While perhaps merely cumulative, the evidence was admissible for the purpose of comparing the gun markings on these shells with the markings on the shell found in Norris' yard. No reversible error intervened in admitting these shells.

■ Appellant also complains of the introduction of testimony tending to show that he and Mr. and Mrs. Spencer, the other two alleged participants in the robbery, were together about six hours after the offense was committed, had been drinking and had a quantity of whiskey in their possession. Norris on direct examination testified, without objection, that at the time appellant and the Spencers took the money from him at his home, they also took a quantity of whiskey. The taking of the whiskey, though not mentioned in the indictment, was admissible as a part of the res gestae of the taking of the money. The fact that appellant and the Spencers had whiskey in their possession six hours after the offense was committed and were drinking was corroborative of the testimony of Norris. Its introduction was limited to that purpose by the trial court. No error here intervened.

■ Appellant insists that the trial court erred in permitting Norris to testify how

282

he was dressed at the time of the alleged robbery. He testified that appellant called him to the door; that he demanded his money; that he (Norris) put on his trousers, but no shirt; that appellant and the Spencers would not permit him to put on his shoes; that they carried him about a mile from his home in his bare feet. This evidence was indicative of the force used in taking Norris' money, and was clearly admissible.

■ Appellant further complains that in violation of the hearsay rule, certain witnesses were allowed to testify that they had heard of the robbery in question or that they had read an account of it in a newspaper. In no instance did a witness testify as to what he heard concerning the robbery, nor as to what he had read in the newspapers concerning it. In each instance the question was asked solely for the purpose of fixing the date of some occurrence testified to by the witness in reference to its relation to the date of the robbery. The evidence was therefore not hearsay.

■ The trial court refused to give the following charge, though requested in writing by appellant to do so: "The court charges you gentlemen of the jury if you have one single reasonable doubt growing out of the evidence or the lack of evidence in this case then it will be your duty to acquit the defendant."

■ The charge is faulty in that the reasonable doubt mentioned, is not confined to the question of defendant's guilt. A reasonable doubt as to anything else would not, of course, justify an acquittal.

In his closing argument the State's solicitor said: "Gentlemen of the jury, the old darkie came up here because he was summoned to tell you the truth. They talk about he was robbed, still he didn't want it reported. He thought more of his life than he did,—he thought more of his welfare than he did of any criminal prosecution, and the people he told about it up there, people around on his place, he asked them not to say anything about it. He didn't want to have to come down here" (interrupted).

The following cross-examination the State's witness Norris clearly justified the solicitor's statement:

"Q. How long was it before you ever said anything to anybody about it? A. The next morning. That same morning I spoke to the boys on my place. I told them about it and told them not to say nothing about it, because I was afraid for it to get out.

"Q. How long was it before you ever said anything to the officers about it? A. When they came up there.

"Q. When was that? A. I don't know— it was three or four days.

"Q. Three or four days? A. Yes, sir.

"Q. After it happened? A. Yes, sir."

In this connection, see Anderson v. State, 209 Ala. 36, 95 So. 171; Arant v. State, 232 Ala. 275, 167 So. 540; Brothers v. State, 236 Ala. 448, 183 So. 433, 435.

We have carefully considered appellant's motion for a new trial, and find nothing therein to justify a reversal.

■ We have specifically treated all questions argued in brief of counsel for appellant, and further have carefully examined the entire record for error, as is our duty, and find nothing upon which to base a reversal.

The cause is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.