283 So.2d 681

**Hubert BROWN**

v.

**STATE.**

**4 Div. 230.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

J. Huntley Johnson, Dothan, for appellant.

William J. Baxley, Atty. Gen., and Thomas W. Sorrells, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant was indicted for burglary in the second degree, tried therefor in circuit court before a jury, and convicted. The trial court fixed punishment at five years in the penitentiary. This appeal is from the judgment that was entered pursuant to the jury's verdict.

The defendant, an indigent, was represented on the trial by appointed counsel and on this appeal is also represented by the same attorney under appointment.

The subject of the alleged burglary was a small neighborhood store in Dothan, Alabama, that was in possession of Calvin C. Woodham, who owned and operated the business under the name of Woodham's Superette.

Mr. Woodham testified inter alia that he came to his store to open his business early in the morning between 6:00 and 7:00 o'clock on October 10, 1972; that he had securely locked the doors when he closed the night before; that the glass windows were intact and not broken at that time. When the witness reached his store on the morning, supra, he found the glass window of his store was broken; that six or seven dollars in silver which he had left in his cash register were missing; four packages of Kool cigarettes and a few packages of potato chips, all of which were there when he closed his store in the early evening of October 9, 1972 were also missing. The address of the store was 314 West Powell Street on the corner of West Powell and North Alice. He had left a 150 watt light bulb burning in the back of the store; also his meat case lights were left burning.

Fanny Harris, a witness for the State, testified that about fifteen minutes of 2:00 o'clock in the morning of October 10, 1972, she returned home from a hospital where she had been with a sick child; she saw the defendant, Hubert Brown, come down the street with something in his hand; that she turned her back and knocked on the back door of her home, which was across a narrow street from Mr. Woodham's store, and heard glass shatter. After entering the house, she looked out the back door and saw the defendant inside the store. There was a bright street light burning and a bright light in the store was also burning. Omitting many details of her evidence, this witness identified the defendant as the person who burglarized Woodham's store.

Annie Lee Dean, for the State, testified over the timely objection of the defendant that she remembered the occasion "when it was said that Woodham's Superette was broken into."

We pause to say that the defendant's objection was properly overruled for that the question and answer tended to fix the time or date of the burglary. In no instance, did the witness testify to what she had heard, if anything, concerning the burglary. This evidence objected to on the ground that it was hearsay was admissible. Kyzer v. State, 250 Ala. 279, 33 So.2d 885.

This witness identified the defendant as the person who came to her house on the morning of the burglary drinking wine, going to the bathroom in the home of the witness to wash blood from his hands; that he had glass in his bushy hair. The home

of this witness was located on 614 North Alice Street, within a short distance of the Superette store.

Ed Cherry, a police officer for the city of Dothan, testified that he responded to a call and investigated this particular burglary; that he arrested the defendant for being drunk on the streets. Title 14, § 120(1), Recompiled Code 1958. Before making this arrest he took the defendant to the city jail, after searching him at the scene at which time he found three packages of Kool cigarettes. The arrest was made near the home of Annie Lee Dean.

"Q. What did she (Annie Lee Dean) give you?

"A. She gave me four packs of potatoe chips, one carton of camel cigarettes, $4.20 in nickels and dimes. She said it was—she found them in her bathroom wrapped up in a towel which—the towel was bloody."

Suffice it to say, the evidence amply supported the allegations of the indictment and the verdict of the jury. The record does not contain a motion for a new trial.

The defendant did not take the witness stand nor did he put up any witnesses.

The defendant's motion to exclude the State's evidence made when the State rested was properly overruled.

We have carefully examined and considered the record and find it, in our judgment, to be free of prejudicial error. The judgment is due to be and is hereby affirmed.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.