(92 South. 527)
**HALL v. STATE. (1 Div. 438.)**

(Court of Appeals of Alabama. Jan. 10, 1922. Rehearing Denied. Feb. 21, 1922.)

1. **Jury ⬅110(9)—Irregularity in proving venireman exempt from jury duty waived by failure to object.**

No objection being made to the manner of proving a person called as a juryman exempt from jury duty, under Acts 1909, p. 309, § 13, as a jury commissioner, any irregularity therein was waived.

2. **Jury ⬅82(2)—Not reversible error for court to draw several name slips at a time, handing them to sheriff separately.**

Under Acts 1909, p. 317, § 29, providing that no objection can be taken to the drawing of a jury except for fraud, it was not reversible error for the court to draw several name slips at a time, handing them to the sheriff one by one.

3. **Witnesses ⬅363(1)—Proof of witness owing or being owed money from one party to action not ground for impeachment.**

Although relevant to show interest or bias of a witness, proof that money is owed by him to or to him by a party is not an impeaching circumstance.

4. **Criminal law ⬅366(2)—Evidence that deceased was appointed and acting as road gang overseer when killed held part of res gestæ.**

In a trial for manslaughter, evidence that deceased was regularly appointed overseer of a road gang, and acting as such, at the time of the homicide, was admissible as part of the res gestæ.

5. **Homicide ⬅188(6) — Testimony that deceased had habit of carrying pistol inadmissible.**

Testimony in a trial for manslaughter whether deceased was in the habit of carrying a pistol was properly excluded.

6. **Criminal law ⬅390—Accused as witness cannot testify as to reasons for his acts.**

As accused in a criminal prosecution in testifying, like other witnesses, may not state reasons for his acts, the question asked of him "Why did you jump in the road?" was objectionable.

7. **Criminal law ⬅1059(2)—Reversible error in charge not reviewable without specific exception.**

Reversible error in a charge to the jury is not reviewable, unless specific exception thereto has been reserved.

8. **Criminal law ⬅823(1)—Statement to jury that crime is rampant not reversible error when withdrawn.**

A statement by the court, in charging the jury in a trial for manslaughter, that crime is rampant in the county, state, and nation, was not reversible error, after being withdrawn on exception by counsel for accused.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Will Hall was convicted of manslaughter, and he appeals. Affirmed.

The motion to quash the venire was based on the ground that the trial judge did not draw the names of the jurors from the jury box one by one, as the law provides, but drew several names of jurors therefrom at the same time. When the juror G. C. Watson was called to be qualified, it was shown that he was a member of a jury commission, and that he claimed his exemption as such, whereupon the court excused said Watson, and directed that his name be stricken from the jury list. It appeared that the court in drawing the jury drew from three to six names at a time, held the list of names in his hands, and handed the slips to the sheriff one at a time.

J. D. Ratcliffe, of Monroeville, and Frank S. Stone, of Bay Minette, for appellant.

The court erred in excusing the juror Watson, on his statement that he was a jury commissioner. 68 Ala. 469; 85 Ala. 4, 4 South. 679; 22 Ala. 50. The court erred in overruling the motion to quash the venire. 146 Ala. 36, 41 South. 421; 161 Ala. 25, 49 South. 824; 168 Ala. 53, 52 South. 939; 19 C. J. 762; 102 Ala. 24, 16 South. 99. It was competent to show that the witness was indebted to the defendant. 17 Ala. App. 301, 84 South. 777; 13 Ala. App. 61, 69 South. 319; 13 Ala. App. 115, 69 South. 370. The court erred in excluding the evidence as to who was overseer over the road at that time. 150 Ala. 97, 43 South. 201. It was competent to show that deceased was in habit of carrying a pistol, coupled with the fact that the defendant knew this. 116 Ala. 463, 23 South. 26; 133 Ala. 128, 32 South. 227; 99 Ala. 146, 13 South. 424; 144 Ala. 32,

40 South. 572; 151 Ala. 41, 44 South. 84. Why the defendant jumped into the road was a part of the res gestæ. 4 Ala. App. 7, 58 South. 675; 4 Ala. App. 32, 58 South. 996; 77 Ala. 33. The court erred in its general charge to the jury, and did not cure the error by the method of withdrawal. 102 Ala. 144, 15 South. 278; 140 Ala. 137, 37 South. 223; 81 Ala. 343, 1 South. 108; 151 Ala. 41, 44 South. 84. ·

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. We have carefully considered the exceptions shown by this record, and find none of a prejudicial nature except as shall be hereinafter shown.

[1] G. C. Watson was shown to have been one of the jury commissioners of Monroe county, and as such was exempt from jury duty under Acts 1909, p. 305, § 13. The manner of making the proof of this fact was not objected to by the defendant, and any irregularity in making it was waived.

[2] The manner of drawing the special venire adopted by the trial judge, while not the usual way of drawing the names of jurors from the jury box, is not reversible error. Acts 1909, p. 317, § 29; Vaughn v. State, 17 Ala. App. 383, 84 South. 879. This state has gotten away from the technical manner of drawing juries, which obtained at the time covered by the authorities cited by appellant's counsel. Garner v. State, 206 Ala. 56, 89 South. 69.

As to whether the hands working on the public road where the killing occurred had selected defendant as overseer was entirely immaterial. Even if such selection had been legal, which it was not, he would have no right to enforce his authority as such vi et armis.

[3] While it is always relevant to offer proof showing interest or bias of a witness, the fact that one man owes another money would not even be an impeaching circumstance.

[4] As to whether Steele, the dead man, was the legally appointed overseer of the road gang, under the evidence in this case, was entirely immaterial; that he was so acting at the time was a part of the res·gestæ, but the validity of his title to the position could not become a question in this prosecution. If Hall wanted to test Steele's authority, there was a legal way of doing so, and the defendant would have no right to contest the right with him in a physical rencounter.

The sixth insistence in appellant's brief has been considered and passed upon supra.

[5] The court did not err in sustaining the state's objection to the question asked the witness Stabler by defendant's counsel: "He

was a man in the habit of carrying a pistol, wasn't he?" Sims v. State, 139 Ala. 74, 36 South. 138, 101 Am. St. Rep. 17; Rodgers v. State, 144 Ala. 32, 40 South. 572; Wiley v. State, 99 Ala. 146, 13 South. 424.

[6] Defendants in giving their testimony, like other witnesses, must state facts, but will not be permitted to state their reasons for doing certain things, and hence it is apparent that the question asked by defendant's counsel of defendant, while he was being examined as a witness, "Why did you jump in the road?" was objectionable.

[7] It is insisted that the trial court committed reversible error in its oral charge in several statements now pointed out in brief, but to which exceptions were not reserved, and as authority for this we are cited Montgomery v. State, 17 Ala. App. 469, 86 South. 132, where a majority of this court held that these excerpts from the court's general charge were reviewable, without specific reservation of exception. In that case the writer of this opinion dissented, which dissent was upheld in Ex parte State ex rel. Smith, 204 Ala. 389, 85 South. 785.

[8] The court in its general charge, in connection with general remarks seeking to impress the jury with the dignity and importance of the position they then occupied, said:

"And it has been well stated you occupy a position above the Governor, and above the President, so you in entering upon your duty should take into consideration all of the evidence and look to the witnesses as they testify on the witness stand and their manner of giving their evidence and all the other facts, for, gentlemen of the jury, as has been well stated in these arguments, that crime is rampant not only in your good county but in the state of Alabama and throughout the United States, and wherever the state of Alabama makes out a case beyond a reasonable doubt then, gentlemen of the jury, it is not only your duty but should gladly render a verdict that will prevent the same kind of crime being committed under circumstances which do not justify the taking of the life of a human being, if you find that this life was taken without justification, as I will charge you later, and that the defendant is proven guilty beyond all reasonable doubt, then gentlemen of the jury, you should appreciate the position you occupy, for it is far above the position the court occupies."

The defendant at the conclusion of the charge excepted to that part of the charge as follows:

"For, gentlemen of the jury, as has been well stated in these arguments, that crime is rampant not only in your good county but in the state of Alabama and throughout the United States."

Whereupon the court said:

"I will exclude that part of it. You gentlemen can determine the case for yourselves, and I will exclude what I said about crime being rampant not only through the good county of

Monroe and Alabama and the United States. You need not consider that as a part of my charge, and I will withdraw that from your consideration."

The statement of the court to which exception was taken was improper, and so recognized by the trial judge, who at once withdrew them. This ruling was favorable to the defendant, and hence he is left without an exception. In the absence of a motion for a new trial and on appeal from a judgment overruling that motion, we cannot review the action of the trial court further. Bean v. State (Ala. App.) 91 South. 499;[1] Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; Birmingham Railway, Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

