(96 South. 475)

### BROWN v. STATE.   (3 Div. 618.)

(Supreme Court of Alabama. April 26, 1923. Rehearing Denied May 17, 1923.)

1. Jury ⬅58—Requirement two judges shall draw jury has been repealed as to certain circuits.

Requirement of Jury Law, Acts 1909 (Sp. Sess.) p. 310, § 15, that two of the judges shall draw the names from the jury box, where there is more than one judge, has been repealed by implication, in so far as it applies to circuits composed of one county wherein there is more than one judge, by Acts 1915, p. 810, § 9, permitting the presiding judge to assign to any of the judges the duty of drawing and impaneling juries while the presiding judge is otherwise engaged.

2. Criminal law ⬅1144(8)—Jury ⬅66(2)—Assignment of judge to draw jury need not be in writing; presumed that presiding judge was otherwise engaged so that assignment of judge to draw jury was authorized.

Under Acts 1915, p. 810, § 9, authorizing the presiding judge to assign any of the judges to draw the juries, the assignment need not be in writing, and, in the absence of a contrary showing, it will be presumed the presiding judge was otherwise engaged, so as to be authorized under the statute to make the assignment.

3. Criminal law ⬅296 — General affirmative charge for the state on plea in abatement held proper.

Where defendant pleaded in abatement on the ground that the grand jury and petit jury were not drawn by an officer legally authorized to draw them, and the undisputed evidence showed that they were drawn by one judge who was authorized to make the drawing, it was proper to give a general affirmative charge for the state on such pleas, though the state could more properly have tested the pleas by demurrer instead of taking an issue thereon.

4. Criminal law ⬅789(15)—Requested charge requiring proof beyond reasonable supposition was properly refused.

A requested charge requiring the state to prove defendant's guilt beyond a reasonable supposition was properly refused, as a supposition is not equivalent to a doubt, and especially where the court had fully charged the jury on that phase of the case.

5. Criminal law ⬅805(1)—Requested charge held elliptical.

A requested charge that if the jury were not satisfied beyond a reasonable doubt and to a moral certainty, and to the seclusion of every other reasonable hypothesis but that of guilt, they should find him not guilty, and it was not necessary to raise a reasonable doubt that the jury should find a probability of his innocence, that such doubt may arise, and there is no probability of his innocence in the testimony, and if the jury have not an abiding conviction to a moral certainty of his guilt, it is their duty to find him not guilty, was elliptical as it appears in the record, and properly refused.

#### On Rehearing.

6. Jury ⬅66(2)—Statute relating to juries for subsequent weeks does not require drawing by two judges.

Acts 1919, p. 1040, providing that when petit juries are needed for any week after the first week, the judge, or two judges, if there is more than one judge, shall draw them, which was a reproduction of section 18, Acts 1909 (Sp. Sess.) p. 312, which act required two judges to draw the jurors, if there were more than one judge in the circuit, but which was partially repealed by Acts 1915, p. 809, so as to authorize one judge to draw the jury in Montgomery circuit, was not intended to require two judges to draw the jury for subsequent weeks, in every case, but that provision is directory and not mandatory.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

John Brown, charged with grand larceny and receiving stolen property, was convicted of the latter offense, and he appeals. Transferred from the Court of Appeals under Act 1911, p. 449, § 3. Affirmed.

The appeal was taken to the Court of Appeals. A division occurring in that court, the case was transferred to the Supreme Court under the provisions of Act 1911, p. 449, § 3.

The following are the opinions of the two judges of the Court of Appeals:

SAMFORD, J. The defendant filed two pleas in abatement as follows:

"1. Comes the defendant in his own proper person and for plea in abatement says: The state ought not to further prosecute this indictment against him because the grand jury which found said indictment against the defendant were not drawn by the officers designated by law to draw the same, in that only one of the judges of the circuit court of Montgomery county drew or participated in the drawing or was present at the drawing from the jury box of the persons to supply said grand jury, and the other judge of said court was not sick or outside of the state of Alabama or for any other reason incapacitated or unable to be present and participate in the drawing of the names of such persons to supply said grand jury. The defendant says that at the time such names were drawn and at the time said grand jury was formed, there were two judges of the circuit court of Montgomery county and that by law both of said judges were required to draw from the jury box the names of the persons to

supply said grand jury, but that, notwithstanding and in violation of said law, only one of said judges drew the names of the persons to supply said grand jury or participated in or was present at the drawing of said names from the jury box. And this the defendant is ready to verify and prays judgment that the prosecution upon this indictment be abated and that he be discharged.

"2. Comes the defendant in his own proper person and for plea in abatement says that the venire of petit jurors presented to him to strike from and all of said petit jurors were not drawn by the officers designated by law to draw the same, in that only one of the judges of the circuit court of Montgomery county drew or participated in drawing or was present at the drawing from the jury box of the persons to supply said petit jury and the other judge of said court was not sick or outside of the state of Alabama or for any other reason incapacitated or unable to be present and participate in the drawing of the names of such persons to supply said petit jury. The defendant says that at the time such names were drawn and at the time said petit jury was formed there were two judges of the circuit court of Montgomery county and that by law both of said judges were required to draw from the jury box the names of the persons to 'supply said petit jury, but that, notwithstanding and in violation of said law, only one of said judges drew the names of the persons to supply said petit jury or participated in or was present at the drawing of said names from the jury box. And this the defendant is ready to verify and prays judgment that the prosecution upon this indictment be abated and that he be discharged."

Section 23 of an act approved August 31, 1909 (Acts 1909, p. 315), provides that no objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken to the indictment except by plea in abatement, and this plea is limited by the same section to the ground that the grand jurors who found were not drawn by the officer designated by law. The defendant has followed the remedy laid down in this statute. The same Act, § 15, p. 310, designates the officer or officers who shall draw the juries to serve for the term. In the county of Montgomery, which has two circuit judges, unless it be made to appear that one of them for some sufficient reason, be disqualified, the requirement is that the jurors be drawn by two judges. This same requirement is carried into section 18 as to additional jurors for subsequent weeks. It is manifest to us that the Legislature has designated the two circuit judges of Montgomery county as the officers who shall draw the juries. We think too, that this part of the law is mandatory, notwithstanding section 29 of the Act, p. 317, in which it is expressly declared to be the intent of the Legislature to make the provisions of the Act directory and not mandatory. Edgar v. State, 183 Ala. 36, 62 South. 800; Zininam v. State, 186 Ala. 9–12, 65 South. 56. As to the manner or method followed by the judges in carrying out the drawing, whether by their own hands or under their joint supervision and direction the act is directory. Scott v. State, 141 Ala. 39, 37 South. 366; Hall ,v. State, 18 Ala. App. 407, 92 South. 527. To hold otherwise would take away from the drawing of juries that care and security so necessary in maintaining the unquestioned integrity of the jurors, who must pass on the lives and property of litigants.

If, for any valid reason, one of the judges of the circuit court, should be incapacitated to serve, then to all intents and purposes the number of judges would be reduced to one, and he alone could proceed under the statute to draw the juries and both of the pleas recognize this as being the law.

The evidence made the issue on the pleas' one for the jury, and for the error in giving the general charge for the state on this issue the judgment must be reversed.

On the trial of the main issue on defendant's plea of not guilty, there was ample evidence to warrant the refusal of charges A, B, and E.

A reasonable supposition is not the same as a reasonable doubt, but if it is the court had fully charged on that phase of the testimony. Charge C was therefore properly refused and charge D, as it appears in the record, is elliptical.

BRICKEN, P. J. I cannot accede to the views expressed by my associate, SAMFORD, J., in the case of John Brown v. State, appealed from Montgomery circuit court. I am of the opinion that the record shows a compliance of the law in drawing the grand jury and the petit juries in question, and that the plea in abatement and motions relative to these matters are without merit.

At this time Associate Judge Merritt of this court is incapacitated from sitting in this case on account of extreme illness. The remaining two judges of this court being divided as to the decision on this question of this case, under the terms of the statute (Acts 1911, p. 449, § 3) this fact is hereby certified to the Supreme Court, and the case transmitted to said court for decision.

Defendant's requested charges A, B, and E, referred to in the opinion of SAMFORD, J., were the general charge, in different forms.

Requested charges C and D are as follows:

"C. The court charges the jury that you cannot find the defendant guilty unless you believe him guilty beyond all reasonable supposition.

"D. The court charges the jury that if the jury are not satisfied beyond a reasonable doubt and to a moral certainty and to the seclusion [exclusion] of every other reasonable hypothesis but that of the defendant's guilt, they should find him not guilty, and it is not necessary to raise a reasonable doubt that the jury should find from all the evidence a probability of the defendant's innocence, that such a doubt may arise and there is no probability of his innocence in the testimony and if the jury

## 492

209 ALABAMA REPORTS

have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to find the defendant not guilty."

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The grand and petit juries were not legally drawn. Acts 1909, p. 310; Acts 1919, p. 1040; Zininam v. State, 186 Ala. 12, 65 South. 56; Scott v. State, 141, Ala. 39, 37 South. 366; Cain v. State, 16 Ala. App. 303, 77 South. 453; Carmack v. State, 191 Ala. 1, 67 South. 989; Harris v. State, 203 Ala. 200, 82 South. 450. Charge D should have been given for defendant. Bell v. State, 115 Ala. 34, 22 South. 526. The state having filed no demurrer, and having taken issue upon the pleas, their legal sufficiency is admitted. Nordan v. State, 143 Ala. 22, 39 South. 406; State v. Ligon, 7 Port. 167; Thayer v. State, 138 Ala. 48, 35 South. 406; Coburn v. State, 151 Ala. 103, 44 South. 58, 15 Ann. Cas. 249; Turk v. State, 140 Ala. 112, 37 South. 234; Palmer v. State, 3 Ala. App. 127, 57 South. 507; 16 C. J. 413.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The presiding judge may assign to any of the judges the duty of drawing and impaneling juries, when the presiding judge is otherwise engaged. Acts 1915, p. 811. And in the absence of anything to the contrary, it will be presumed that this was done. Millegan v. State, 208 Ala. 223, 94 South. 169.

ANDERSON, C. J. [1] It is true that section 15 of the Jury Law (Acts 1909 Special Session, p. 310), providing for drawing juries at one term for the next term says:

"The judge, or where there are more than one then any two of the judges of the court shall draw from the jury box in open court," etc.

Whether this provision was directory or mandatory we need not decide, since it has been repealed by implication in so far as it applies to circuits composed of one county and wherein there are more than one judge. Acts 1915, pp. 810, 811, §§ 4 and 9. Section 9 provides:

"In order to expedite business the presiding judge may require other judges to hear pleadings in cases assigned to them, and may assign to any of them the duty of drawing and impaneling the juries, while the presiding judge is otherwise engaged."

[2] This, of course, means that the presiding judge may assign the drawing of juries to any one of the judges when he is otherwise engaged, and necessarily means one judge when there are but two in the circuit. The evidence shows that Judge McCord, the presiding judge, ordered the drawing of juries, whether he participated in the drawing or not; and, presumptively, he was other-

wise engaged, nothing to the contrary appearing. The proof here, however, shows that he was otherwise engaged when the grand jury in question was drawn. It is also apparent from the act that the presiding judge could perform that duty himself as it contemplates that it should fall upon him primarily. We find nothing in the act requiring that the assignment must be in writing or incorporated in the minutes of the court. Milligan v. State, 208 Ala. 223, 94 South. 169. True, there was a minute entry of the order in this case which the court held was sufficient, but it was not held that such a minute entry was necessary.

[3] The state could have more properly tested the special pleas by demurrer instead of taking issue upon same but we think that the proof failed to establish a material averment of each of them so as to justify the general charge for the state. Each of the pleas avers that the juries were not drawn by an officer authorized by law, when the undisputed evidence shows, as matter of law, that they were drawn by an officer authorized by law to do so. Rasco v. Jefferson, 142 Ala. 705, 38 South. 246.

[4, 5] The Court of Appeals was not divided in the opinion that the other questions did not present reversible error, as to which we agree; and, as there was no reversible error upon the point of division and which is the one above treated, the judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

### On Rehearing.

ANDERSON, C. J. [6] It is insisted that, while the opinion may be correct in holding that so much of the Jury Law of 1909 as may require the drawing of juries by two judges has been amended or repealed as to the Montgomery circuit by Act 1915, this can only apply to grand juries and petit juries for the first week, for the reason that the last legislative expression on the subject, section 18 of Act 1919, p. 1040, provides that when petit juries are needed for any week or weeks of the term after the first week, "the judge or any two judges, * * * if there are more than one judge shall, in like manner *. *. * draw from the jury box," etc. We think that so much of the quoted provision as provided for the drawing of juries by two judges is directory and not mandatory. It is true that this part is a reproduction of section 18 of Act 1909, yet it is inconceivable that the Legislature of 1919, in the reproduction of same, with a knowledge that we had several circuits in this state with more than one judge and composed of a group of counties intended this expression as mandatory when it would mean that if one judge was holding court in one end of the circuit he could not

continue to proceed with jury trials after the first week, without first sending for another judge, perhaps engaged at the other end of the circuit, to come and help him draw the juries. We cannot convict the Legislature of such a monstrous piece of folly as to hold that this part of the jury law was mandatory and contemplated such a clog in the wheels of justice. We still think that the pleas averred a legal conclusion, which was not and could not be proven, and that they fall under the influence of Rasco v. Jefferson, 142 Ala. 705, 38 South. 246.

Rehearing denied.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.