### CLEVELAND v. STATE. (3 Div. 442.)

(Court of Appeals of Alabama. May 8, 1923. Rehearing Denied June 5, 1923.)

Criminal law ⬲805(3)—Refusal to give requested charge that duty on state to show defendant's guilt beyond a reasonable doubt and to "seclusion" of every other reasonable hypothesis not error.

In a prosecution for assault with intent to murder, it was not error to refuse to charge "that the burden of proof is upon state, beyond a reasonable doubt and to the *seclusion* of every other reasonable hypothesis, every circumstance necessary to show that the defendant is guilty, before the defendant is required to introduce any evidence in his favor, or to explain any circumstances surrounding him, and if there is a reasonable doubt of this defendant's guilt, then you must acquit the defendant;" the use of the word "seclusion" instead of "exclusion" rendering the charge bad.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Willie Cleveland was convicted of assault with intent to murder, and appeals. Affirmed.

Defendant, by motion and plea, questioned the legality of the grand jury finding the indictment and the venire of petit jurors to try his case, on the ground that said jurors were drawn by only one of the judges of the circuit, the other judge not being for any cause incapacitated, that there were two judges of the circuit, and that under the law both judges were required to draw jurors.

Charge A, refused to defendant, is as follows:

"A. The court charges the jury that the burden of proof is upon the state, and it is the duty of the state to show beyond a reasonable doubt and to the seclusion of every other reasonable hypothesis every circumstance necessary to show that the defendant is guilty, before the defendant is required to introduce any evidence in his favor or to explain any circumstances surrounding him, and if there is a reasonable doubt of this defendant's guilt then you must acquit the defendant."

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.

The grand and petit juries were not legally drawn. Acts 1909, p. 310, § 15; Id., p. 315, § 23; Acts 1919, p. 1040, § 18; Zininam v. State, 186 Ala. 12, 65 South. 56; Scott v. State, 141 Ala. 39, 37 South. 366; Cain v. State, 16 Ala. App. 303, 77 South. 453; Carmack v. State, 191 Ala. 1, 67 South. 989; Harris v. State, 203 Ala. 200, 82 South. 450. It was reversible error to refuse defendant's written charge A. Wharton v. State, 73 Ala. 367.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The presiding judge may assign to any of the judges the duty of drawing and impaneling juries when the presiding judge is otherwise engaged. Acts 1915, p. 811. And, in the absence of anything to the contrary, it will be presumed that this was done. Milligan v. State, 208 Ala. 223, 94 South. 169.

BRICKEN, P. J. The defendant was indicted, tried, and convicted for the offense of assault with intent to murder. He was duly sentenced to an indeterminate term of imprisonment of from six to eight years in the state penitentiary.

The principal insistence of error relates to the manner in which the grand jury and petit jurors were drawn, and the defendant undertook to test the legality of these juries, by motion to quash the indictment, by objection to being placed upon trial, and also by plea in abatement. So far as this insistence is concerned, it is identical with the questions raised in the case of John Brown

⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. State (Ala. Sup.) 96 South. 475 [1] (decided April 26, 1923), in which case the decision is adverse to the contention of the defendant here made. Upon the authority of that case the rulings of the court in this connection are held to be without error.

The remaining insistence of error relates to the refusal of the court to give special written charge A, requested by defendant. A charge of similar import was approved in the case of Wharton v. State, 73 Ala. 367, but the charge here contains the term "to the *seclusion* of every other reasonable hypothesis," etc. This renders the charge bad, and its refusal was not error.

No error appearing in the record, the judgment of the circuit court appealed from is affirmed.

Affirmed.