### MORGAN v. STATE. (8 Div. 62.)

(Court of Appeals of Alabama. June 5, 1923.)

Grand jury ⬥2—Jury ⬥58—Act providing for drawing of juries by two judges is directory.

So much of the Jury Act of 1909 as provides for the drawing of juries by two judges is directory, and not mandatory.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

J. B. Morgan was convicted of violating the prohibition law, and appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The first count in the indictment charged the defendant with manufacturing alcoholic liquors, and the second count with having in his possession a still to be used for the purpose of manufacturing prohibited liquors.

The defendant filed a plea in abatement to the indictment, on the ground that the grand jury that found the indictment was not drawn in the presence of the officers designated by law.

The state joined issue on the defendant's plea in abatement, and it was agreed between the solicitor and the attorney for the defendant that the venire from which the grand jury was organized that returned the indictment in this case was drawn by Hon. R. C. Brickell, one of the judges of the Eighth judicial circuit, and that Hon. O. Kyle, the other judge of the Eighth circuit, was not present and did not participate in the drawing of such venire.

The court at the request of the state's attorney gave the general affirmative charge in writing that, "if the jury believe the evidence beyond a reasonable doubt, you will find for the state," and refused the affirmative charge for the defendant. The jury found the issue in favor of the state.

Section 15 of the Jury Act of 1909 (Laws 1909, p. 310) provides that—

"The judge or where there are more than one then any two of the judges of the court shall draw from the jury box in open court the names of not less than fifty persons to supply the grand jury for such term and the petit juries for the first week," etc.

Section 29 of said act provides:

"It is hereby expressly declared to be the intent of the Legislature in the enactment of this law, to make the provisions hereof in the relation to the selection, drawing, summoning or impaneling of jurors directory merely and not mandatory."

Sections 18 and 32 of the Jury Act of 1909 are amended by an act approved September 29, 1919, found in Acts 1919, p. 1039.

Our Supreme Court in the case of John Brown v. State, 209 Ala. 490, 96 South. 475, decided at the present term, says:

"We think that so much of the quoted provision as provided for the drawing of juries by two judges is directory and not mandatory. It is true that this part is a reproduction of section 18 of the act of 1909, yet it is inconceivable that the Legislature of 1919, in the reproduction of same, with a knowledge that we had several circuits in this state with more than one judge and composed of a group of counties intended this expression as mandatory when it would mean that if one judge was holding court in one end of the circuit he could not continue to proceed with the jury trials after the first week, without first sending for another judge, perhaps engaged at the other end of the circuit to come and help him draw the juries."

It is decided that so much of the provision of the jury law which provides for the drawing of juries by two judges is directory and not mandatory. Claude Wallace v. State, post, p. 698, 95 South. 927.

The only other exceptions reserved are the refusal of the court to give the general affirmative charge for the defendant on the indictment and on the second count in the indictment. The evidence was amply sufficient to justify the finding of the jury.

The charges were properly refused.

There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes