## WALLACE v. STATE. (8 Div. 33.)

(Court of Appeals of Alabama.  June 5, 1923. Rehearing Denied June 26, 1923.)

1. Criminal law ⊙köä278(2) — Indictment held not subject to plea in abatement in that grand jury not drawn by proper officials.

Under Acts 1915, p. 810, § 9, the fact that an indictment was preferred by a grand jury, members of which were drawn by one of the circuit judges in a county where two judges were located, would not render it subject to a plea in abatement on the ground that the grand jury was not drawn by the proper officers.

---

⊙köäFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Criminal law ☞763, ⁄764(7)—Charge to convict if jury believed evidence held proper; "convince;" "believe."**

In a prosecution for violation of prohibition law, where there was no conflict in the testimony the affirmative charge, "I charge you * * * that if you believe the evidence in this case beyond a reasonable doubt, find the defendant guilty under the second count of the indictment," *held* not erroneous as taking from the jury the question whether the evidence convinced them of defendant's guilt, the words "convince" and "believe" as so used being · synonymous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Believe; Convince.]

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Claud Wallace was convicted of violating the prohibition law, and appeals. Affirmed.

R. E. Smith, of Huntsville, and J. G. Rankin, of Athens, for appellant.

The provision of the jury law for the drawing by two judges is mandatory. Acts 1909, p. 312; Acts 1919, p. 1039; Edgar v. State, 183 Ala. 36, 62 South. 800; Cain v. State, 16 Ala. App. 303, 77 South. 453; Sheppard v. State, 5 Ala. App. 178, 59 South. 333. The presumption of innocence attends the defendant in a criminal case until overturned by evidence which convinces the jury beyond a reasonable doubt. Waters v. State, 117 Ala. 108, 22 South. 490; Newsom v. State, 107 Ala. 133, 18 South. 206.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in the drawing of the jury. Brown v. State, 209 Ala. 490, 96 South. 475. The form of the affirmative charge for the state is correct. Pierson v. State, 99 Ala. 148, 13 South. 550.

BRICKEN, P. J. In separate counts this defendant was charged by indictment with distilling, making, or manufacturing alcoholic or spirituous liquors, etc., and also with unlawfully possessing a still to be used for the purpose of manufacturing prohibited liquors, etc.

[1] The principal insistence of error is raised by a plea in abatement by which it was contended that the grand jury, who preferred the indictment, was not drawn by the officers designated by law to draw it; the concrete insistence being that the grand jury was drawn by only one of the judges of the circuit court of said county, and that there being two judges in said circuit the law provides that both of said judges shall be the officers to draw the same.

In construing this statute and discussing this identical question, the Supreme Court in the recent case of John Brown v. State, 209 Ala. 490, 96 South. 475, said:

"It is true that section 15 of the Jury Law (Acts Special Session 1909, p. 310), providing for drawing juries at one term for the next term, says:

" 'The judge, or where there are more than one then any two of the judges of the court shall draw from the jury box in open court,' etc.

"Whether this provision was directory or mandatory we need not decide, since it has been repealed by implication in so far as it applies to circuits composed of one county and wherein there are more than one judge. Acts 1915, pp. 810, 811, §§ 4 and 9. Section 9 provides:

" 'In order to expedite business the presiding judge may require other judges to hear pleadings in cases assigned to them, and may assign to any of them the duty of drawing and empanelling the juries, while the presiding judge is otherwise engaged.'

"This, of course, means that the presiding judge may assign the drawing of juries to any one of the judges when he is otherwise engaged, and necessarily means one judge when there are but two in the circuit."

And on rehearing, in said case, the court said:

"We think that so much of the quoted provision as provided for the drawing of juries by two judges is directory and not mandatory. It is true that this part is a reproduction of section 18 of Act 1909, yet it is inconceivable that the Legislature of 1919, in the reproduction of same, with a knowledge that we had several circuits in this state with more than one judge and composed of a group of counties intended this expression as mandatory when it would mean that if one judge' was holding court in one end of the circuit he could not continue to proceed with jury trials after the first week, without first sending for another judge, perhaps engaged at the other end of the circuit, to come and help him draw the juries. We cannot convict the Legislature of such a monstrous piece of folly as to hold that this part of the jury law was mandatory and contemplated such a clog in the wheels of justice. We still think that 'the pleas averred a legal conclusion, which was not and could not be proven, and that they fall under the influence of Rasco v. Jefferson, 142 Ala. 705." John Brown v. State, 209 Ala. 490, 96 South. 475.

The testimony offered by the state made out a prima facie case against the defendant as to the second count of the indictment, and this evidence was without conflict as the defendant offered no testimony in his own behalf.

There being no testimony in support of the first count of the indictment, which, as stated, charged the defendant with distilling, the court properly gave the affirmative charge requested in writing by defendant as to this count.

The affirmative charge in favor of the defendant as to the second count of the indict-

ment and to the indictment as a whole was properly refused.

[2] There' being no conflict in the testimony, the court at the written request of the state gave the affirmative charge in its behalf. The charge reads:

"I charge you, gentlemen of the jury, that if you believe the evidence in this case beyond a reasonable doubt, find the defendant guilty under the second count of the indictment."

Appellant insists that the giving of this charge was error for the reason that the court took from the jury the question of whether the evidence convinced them of the guilt of the defendant, and required them that if they believed the evidence beyond a reasonable doubt to find the defendant guilty under the second count of the indictment.

In this case there is a total absence of conflicting testimony as to the guilt of the defendant under the second count of the indictment, and, this being true, a charge affirmative of guilt, under said count, predicated upon the belief of the testimony beyond a reasonable doubt by the jury, was properly given. Taylor v. State, 121 Ala. 24, 25 South. 689; Warren v. State, 197 Ala. 313, 325, 72 South. 624. We think that the words convince and believe as here used are synonymous, and we are of the opinion that the contention insisted upon by counsel for appellant in this connection is hypercritical and a mere quibble.

No error appears in any ruling of the court, and, as the record is also free from error, the judgment of the circuit court appealed from must be and is hereby affirmed.

Affirmed.