### DAVIS v. STATE.   (8 Div. 959.)

Supreme Court of Alabama.   June 9, 1927.

Rehearing Denied June 30, 1927.

**1. Jury �köö70(2)—Where trial of second degree murder properly proceeded before regular venire, overruling exception to refusal of special venire to defendant was not error.**

Where defendant charged with first degree murder was convicted of murder in the second degree and on appeal judgment of conviction was reversed and on second trial defendant interposed plea of acquittal in first degree, which court confessed, and trial properly proceeded before venire regularly drawn for the action, overruling exception to refusal of special venire was not error.

**2. Criminal law ⊸1056(1)—Defendant not having reserved exception to oral charge, alleged error in portions thereof cannot be considered.**

Alleged error in portions of the oral charge is not presented for review, where defendant did not reserve any exception to any part of the charge.

**3. Criminal law ⊸660—Exception to court's remarks as a whole, following defendant's charge on malice, held without merit, where part only referred to charge.**

In prosecution for second degree murder, exception reserved to court's remarks that all of jury must concur as to whether killing was malicious, following reading of defendant's charge on malice, was unavailing, where exception was to the remarks as a whole, though only a portion thereof was referable to charge.

**4. Criminal law ⊸655(6)—Court's remark that jury must concur as to whether killing was malicious held explanatory of but not to qualify charge on malice (Code 1923, § 9509).**

In prosecution for second degree murder, court's remark that all of jury must concur as to whether killing was malicious was in explanation of and not in qualification of defendant's charge, under Code 1923, § 9509, that malice was an ingredient necessary to authorize conviction.

**5. Witnesses ⊸286(2)—Recall of state's witness for re-examination by way of rebuttal rests in discretion.**

In prosecution for second degree murder, permitting recall of state's witness for further re-examination by way of rebuttal rested in court's discretion.

**6. Homicide ⊸160—Permitting state to prove that on day of homicide defendant asked witness if he had pistol shells for sale held proper.**

In prosecution for second degree murder, where defendant killed deceased with a 38-caliber pistol, there was no error in permitting state to prove that a few hours previous to the homicide defendant asked witness if he had any 38-caliber shells for sale.

**7. Criminal law ⊸670—Testimony of what defendant said in witness' presence on day of killing having been excluded, no error was shown.**

In prosecution for second degree murder, testimony of state witness that he saw defendant on day of killing and that defendant had conversation in witness' presence and stated he was going to get on a big drunk to-night, and not to be surprised at anything you hear, having been excluded by the court, no error is shown.

**8. Criminal law ⊸671—Having jury retire before witness testified as to defendant's conversations and ruling testimony was inadmissible shows no error.**

In prosecution for second degree murder, there was no error shown, where at defendant's request court had jury retire before witness testified to conversations of defendant on day of killing and subsequently ruled the testimony inadmissible.

**9. Homicide ⊸169(3)—Details of defendant's evidence in case where deceased was charged with speeding held properly excluded as collateral matter.**

In prosecution for second degree murder, where it was shown that ill feeling was aroused by appearance of defendant as witness in prosecution of deceased for speeding, details of defendant's evidence in prosecution and whether he informed on deceased as to the speeding case was properly excluded as immaterial.

**10. Homicide ⊸190(9)—Evidence of advice or warning given defendant at time deceased's threats were communicated to him was properly excluded.**

In prosecution for second degree murder, where defendant proved threats by deceased against him and that threats were communicated to defendant, evidence of advice or warning given him at the time was properly excluded.

**11. Criminal law ⊸444—Excluding letters received by defendant, not signed by name of deceased nor shown to be in his handwriting, held not error.**

In prosecution for second degree murder, letters received by defendant, one before testimony was given by him in prosecution of deceased for speeding, not signed in name of deceased nor shown to be in his handwriting nor that he knew anything about them, were properly excluded.

**12. Homicide ⊸169(3)—Testimony of defendant that third person also testified in prosecution against deceased for speeding held immaterial.**

In prosecution for second degree murder, where there was ill feeling between defendant and deceased because defendant was a witness in prosecution of deceased for speeding, there was no error in declining to permit defendant to testify whether a third person also testified in the case against deceased; it being immaterial.

**13. Homicide ⊸193—Permitting state to show by witness that deceased was unarmed at time of killing held not error.**

In prosecution for second degree murder, permitting the state to show by witness that

deceased was unarmed at the time of the killing *held* not error.

14. Criminal law ⬤⇒656(2)—Court was not in error in stating to counsel that further question asked witness had in fact been answered.

In murder prosecution, where all material parts of conversation between witness and deceased were testified to by witness, court was correct in statement to counsel that further question asked him had in fact been answered.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

A. L. Davis was convicted of murder in the second degree, and he appeals. Affirmed.

Charge 13, given for defendant, is as follows:

"Malice is a necessary ingredient to second degree murder, and if upon consideration of the evidence the mind of the jury, or any member of the jury, is left in a state of reasonable doubt and uncertainty as to the 'act of the defendant being malicious, then you cannot find the defendant guilty of murder in the second degree."

Following the reading of this charge the court remarked:

"All of you must concur on the form of your verdict, gentlemen, and also all of you must concur as to whether it was a malicious killing or not."

R. R. Kent, a witness for the state, testified that he saw defendant on the day Howell was killed; that defendant had a conversation in the presence of witness. Over defendant's objection, the witness was allowed to answer the question, "What did he say?" as follows:

"Well, among a part of the conversation I heard was, as he got out of the car he said, 'Well, I am going to get on a big drunk tonight, and don't be a bit surprised at what you hear, or anything you hear.'"

Thereupon the court stated: "If defendant will make a motion to exclude this evidence, I will grant it." On defendant's motion "this answer was excluded from the jury, the court repeating the statement of the witness and specifically instructing the jury that it should not be considered in reaching a verdict."

State's witness Tapscott testified that he saw defendant on the day of the killing; that defendant walked up to witness' car and put his arm up on the car. Witness was asked: "Did he say anything?" Defendant objected to the question. The solicitor stated, "This is a threat." The court overruled the objection "for the present." Defendant's counsel then stated:

"They had a statement from a witness a while ago, by stating to the court that it was a threat. Your honor excluded it, and it is not fair to this defendant. * * * It is not fair

to the defendant to have these things brought out, and then exclude them from the jury."

The court stated: "Well; I will send the jury out if you want it." Defendant's counsel replied: "I would like for it to be done, if he is going into that."

Thereupon the court directed the sheriff to take the jury out and keep them out until called for.

Defendant's counsel then stated to the court:

"Now; we want to reserve an exception to the court's ruling, and to the court's statement 'that he would send the jury out if the defendant wanted it.'

"The Court: You said you wanted it.

"Defendant's counsel: I said it, but I ought not to have been forced to do that. It is prejudicial to the defendant.

"The Court: I don't think it was; I will give you an exception."

After the witness was examined before the court, the court held that the proffered testimony was illegal, and the jury was ordered brought back.

J. Marvin Kelley, of Hartselle, for appellant.

The oral charge of the court should only contain a statement of the law applicable to the case. Code 1923, § 9507; Cole v. State, 16 Ala. App. 55, 75 So. 261; Doby v. State, 15 Ala. App. 591, 74 So. 724; Andrews v. State, 159 Ala. 14, 48 So. 858; White v. State, 111 Ala. 92, 21 So. 330; McIntosh v. State, 140 Ala. 137, 37 So. 223. The court has no right to qualify a correct charge, and is required to give such charges in the terms in which they are written. Code 1923, § 9509; Williams v. State, 113 Ala. 58, 21 So. 463. Counsel argue for error in other ruling, but without citing additional authorities.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

To reserve an exception to the oral charge, it must be taken, with particularity, before the jury leave the bar; otherwise it will not be considered on appeal. Hayes v. Solomon, 90 Ala. 520, 7 So. 921; Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562; Reynolds v. State, 68 Ala. 507; McGhee v. State, 178 Ala. 4, 59 So. 573; Horn v. State, 98 Ala. 23, 13 So. 329; Stroud v. State, 55 Ala. 77; Gardner v. State, 96 Ala. 12, 11 So. 402. The oral charge must be considered as a whole. McNeill v. State, 102 Ala. 121, 15 So. 352, 48 Am. St. Rep. 17. A conviction will not be set aside for error when no substantial injury is shown. Shirey v. State, 18 Ala. App. 109, 90 So. 72; Tuggle v. State, 19 Ala. App. 541, 98 So. 815.

GARDNER, J. [1] Appellant was indicted for murder in the first degree, and was con-

victed of murder in the second degree; but upon appeal to this court the judgment of conviction was reversed. Davis v. State, 214 Ala. 273, 107 So. 737.

Upon the second trial defendant interposed a plea of acquittal of murder in the first degree, which was confessed by the state, and of course the trial properly proceeded before the venire regularly drawn for the week. Defendant's exception as to the refusal of a special venire was therefore without merit.

The defendant was charged with killing one Howell, which was admitted, and pleaded self-defense. He was again convicted of murder in the second degree, from which conviction this appeal is prosecuted.

A concise history of the case may be found in the opinion of the court on former appeal, and needs no repetition here.

[2] In the motion for a new trial it was contended the court erred in portions of the oral charge, but the bill of exceptions discloses that "the defendant did not reserve any exception to any portion of the court's oral charge," and without such exception nothing in this respect is here presented for review. City Council of Montgomery v. Gilmer, 33 Ala. 116, 70 Am. Dec. 562; Stull v. Daniel Mach. Co., 207 Ala. 544, 93 So. 583; Gurley v. State, ante, p. 342, 113 So. 391, present term.

[3, 4] Nor is there any merit in the exception reserved to the remarks of the court following the reading of defendant's given charge 13. The exception was to the remarks as a whole, though only a portion thereof is referable to said given charge. Moreover, the remarks so applicable were not in qualification of such charge, but only by way of explanation. Section 9509, Code of 1923; Eiland v. State, 52 Ala. 322; Williams v. State, 113 Ala. 58, 21 So. 463.

[5] The testimony of Gilbert Turney, witness for the state, on direct examination, as to the position of the hands of deceased while sitting in the car, was the same as on his re-examination by way of rebuttal, and his further examination on recall by the state was a matter resting in the sound discretion of the court. Gurley v. State, supra.

[6] Defendant killed deceased by shooting him with a 38 Smith and Wesson pistol. There was no error in permitting the state to prove by the witness Pope that in the late afternoon of the day of the homicide and just a few hours previous thereto defendant asked witness if he had any 38 smokeless pistol shells for sale. This was evidence relevant to the issue presented on the trial.

[7, 8] The testimony of witness Kent as to what defendant said was excluded by the court, and very clearly no error here appears. Upon examination of one Tapscott, the court, at defendant's request, had the jury retire before the witness testified to the conversation had, and subsequently ruled the testimony inadmissible. That no error here appears is too clear for discussion.

[9] It developed that ill feeling was aroused by the appearance of defendant as a witness in a prosecution of deceased in a case at Hartselle where deceased was charged with speeding. The court properly excluded any details of defendant's evidence in that case as immaterial, and also as to whether or not defendant informed on deceased as to the speeding case. That defendant had appeared as a witness against deceased and incurred his hatred and ill will on that account sufficed for all practical purposes, and further inquiry would unnecessarily enlarge upon a collateral matter. It may be noted, however, that defendant had already testified without objection that he told deceased he was mistaken in charging that he informed on him; that he made no mention of his name and appeared only as a witness.

[10, 11] The defendant was permitted to prove threats by deceased against him, and that these threats were communicated to defendant, but any advice or warning given him by any of these witnesses was properly excluded as no part of any threat communication. Defendant testified to receiving two letters, one before any testimony was given by him in the case of speeding against deceased. It was not signed in the name of the deceased, was not shown to be in his handwriting, nor that he knew anything about it or had any connection with its being sent. Clearly, under these circumstances, there was no error in its exclusion.

[12-14] Nor was there error in declining to permit defendant to state whether or not Burt Smith also testified in the case against deceased. It was wholly immaterial. There was no error in permitting the state to show by the witness Turney that deceased was unarmed. All material parts of the conversation had between the witness Burleson and deceased were testified to by the witness, and the court was correct in the statement to counsel that the further question asked had in fact been answered. There is no merit in this insistence.

We have treated the questions argued in brief by counsel for appellant, but mindful of our duty in cases of this character, we have carefully examined the record to ascertain if prejudicial error has intervened. The matters considered herein and discussed by counsel embrace all questions calling for special treatment, and upon due consideration the conclusion is reached that no error has been committed, and that the judgment of the court below should accordingly be here affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.