143 So. 211

## VAUGHN v. STATE.

### 6 Div. 145.

Court of Appeals of Alabama.

June 30, 1932.

Fort, Beddow & Ray, of Birmingham, and St. John & St. John and A. A. Griffith, all of Cullman, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

■ The state not having filed a brief in this case and no objections having been made, the statement of facts as set out in appellant's brief is taken as true. Supreme Court Rule 10, Michie's Ala. Code [20], p. 1930.

The evidence for the state tends to prove a clear case of murder in a major degree, and therefore all charges asking affirmative instructions in behalf of defendant either for acquittal or for a reduction to a lower degree of homicide were properly refused.

■ There are three exceptions noted to the oral charge of the court. These exceptions are too vague and uncertain for review by this court. The exceptions are descriptive only and not the reservation of an exception to a particular exactly designated ruling. We cannot consider these exceptions on this ap-

peal. Reed v. State, 18 Ala. App. 371, 92 So. 513; Hall v. State, 18 Ala. App. 407, 92 So. 527.

■ The appellant in his brief complains and urges that the trial judge committed error in explaining or qualifying certain written charges requested by defendant and marked "given" by the court. These insistences refer to given charges 13, 16, 19, 26, 27, and 1. We have searched the record, and we nowhere find any exception reserved by defendant to the comments of the judge on the foregoing charges. Trial judges may explain written charges where necessary, but this does not mean that such charges may be qualified or explained away after they are given. Bailum v. State, 17 Ala. App. 679, 88 So. 200.

■ Refused charge 31 correctly states the law as far as it goes, but it does not go far enough. The presumption of innocence is an evidentiary fact which attends the defendant during the trial until such time as that presumption is overcome by the evidence beyond a reasonable doubt. When that time arrives, the jury may cease to consider the presumption in his favor. The presumption is over— ended—passed, and amounts to nothing.

■ The witness Billie Shikles, a young son of the deceased, having testified that he was present and saw the difficulty between his father and defendant, and as a part of the details had testified that his father ran and climbed the bank on the side of the road and that defendant caught him and pulled him down, leaving a sign in the embankment at this place, was asked by the state, "When you went back there and looked that afternoon did you see any other bruised places there on the bank or any other tracks there on the bank besides the ones you have just told about?" Defendant objected to this question, and, being overruled, excepted. The answer was, "There was just one bruised place there on the bank." This evidence was relevant as tending to show the unchanged condition of the locus in quo at the time other parties had been there. The witness had testified to a "stomped place on the bank" at the time of the difficulty. We take it that the "stomped place" and the "bruised place" were one and the same.

■■ Counsel for appellant present several incidents which are not claimed as reversible errors in themselves and standing alone, but they insist that some of them at least are technical errors, and combined they created "an atmosphere" injurious to defendant, which renders a reversal necessary. For instance, defendant's counsel, during cross-examination of the witness Nettie Rea, asked this question: "And yet you knew your brother was there in this dying condition?" Without objection having been made, the court interposed: "That is argument Mr. Griffith."

The court then said: "Go ahead and get your exception and hurry along." The witness Nettie Rea having testified that she had made a statement about what her brother said, that two girls had written it down, but that she had not signed it, defendant made demand for the writing, the court refused to require the state to produce it, and defendant excepted. The state solicitor then asked a question of the witness Rea if she had come to his office and talked with him and Mr. Wright about the case, objection to this was made, and the court remarked: "I'll let him go awhile." There was no error in any of these several rulings, and nothing to impress this court of unfairness on the part of the trial judge.

Insistence is made that in every ruling on questions of evidence the trial judge exercised his discretion against the defendant. As to this we can only say that there appears no abuse of discretion such as will authorize this court to review the action of the court in this regard.

■ After the defendant had closed his evidence, the bill of exceptions recites the following:

"During the progress of the trial some clothes were brought in and lay on the floor while the evidence was being taken though no reference was made to the clothes nor was anything said as to whose clothes they were. Finally the county solicitor who was assisting in the prosecution of this case, picked up clothes and then picked the clothes up, which clothes were bloody; and the county solicitor took said clothes and held them up before the jury, and at this he stopped and had apparently a talk or consultation with Wright, the Solicitor, and then laid the clothes down and did not offer them in evidence and said nothing more about them.

"After the defendant closed his case, Counsel for defendant requested the court to instruct the jury the conduct of the county solicitor in flouncing and waiving said bloody clothes before the jury was highly improper conduct on his part. Thereupon the court stated to the jury:

" 'Gentlemen of the jury on yesterday the counsel called for the clothes, I presume that were supposed to have been worn by the dead man at the time he was cut. I thought they had them out there for the purpose of introducing them in evidence, and I presume they did, but they were not introduced in evidence, and I think that you have got sense enough to know that you ought not to consider something that wasn't in evidence. Those clothes have not been offered in evidence, and don't let that make any impression on your minds. They are not in and they are not going in. So get that out of your minds.'

"Thereupon counsel for defendant further requested the court to instruct the jury that said conduct on the part of the solicitor was highly improper and highly prejudicial. Thereupon the court stated to the jury:

" 'I can't go that far because I didn't know but that the county solicitor had them out here for the purpose of introducing them. I can say this to the jury, that if that was his purpose, was just to flounce them around before the jury, that that was very improper, but I don't say that was his purpose because I don't know.'

"To this action of the court in refusing to instruct the jury as requested by counsel for defendant, the defendant then and there duly excepted. Whereupon the court said to the jury whatever his purpose was, I tell you as sensible men to pay no attention to it whatever.

"Thereupon counsel for defendant moved for a mistrial of said case because of said highly misconduct on the part of the solicitor in waiving said bloody clothes before the jury. The court overruled said motion, to which action of the court the defendant then and there duly excepted."

In the first place we are of the opinion that appellant's counsel unduly magnifies the incident of the solicitor holding up the clothes. If as matter of fact they had been the clothes worn by the dead man, they would have been admissible in evidence to aid in the location of the wound on the body of deceased. Hyche v. State, 22 Ala. App. 176, 113 So. 644; Weems v. State, 222 Ala. 346, 132 So. 711; Moomaw v. State, 24 Ala. App. 459, 137 So. 40; Sutherland v. State, 24 Ala. App. 573, 139 So. 110.

For what purpose the solicitor had the clothes present in court we do not know, and the jury could not have known. Whatever the purpose was, the trial court promptly took measures to insure the defendant against any injury, and we are of the opinion that he did so.

The rulings of the court on these questions were free from error.

■ On cross-examination of Mrs. Shikles by defendant's counsel, she testified over the objection of the state that she had made a contract with a lawyer to bring suit against defendant for damages on account of the death of her husband. On overruling the state's objection to this testimony, he limited the testimony to showing the interest the witness had in the prosecution. This was a correct ruling and free from error. Whom the contract was with or its terms has nothing to do with the issues of this case.

Other rulings of the court were without prejudicial injury.

■ In view of the disclosures in the record that there is a civil suit pending growing out of this homicide, it would be manifestly unfair for this court to comment on the evidence further than is necessary in making our decisions. It is insisted, however, by the ap-

pellant, that the "atmosphere" of the trial, created by and through the manner and rulings of the court, had the result of an excessive verdict against him. We find no such result here as will justify the claim. If the evidence for the state is to be believed, as it undoubtedly was by the jury, we here have a case where "Mercy tempers justice."

We find no error, and the judgment is affirmed.

Affirmed.