The appellant was indicted and convicted for robbery. The jury fixed punishment at twenty-eight years imprisonment.
On the morning of December 2, 1976, two men robbed Boyett Brothers Service Station in Montgomery, Alabama, of $160.00. The police were notified immediately and within minutes Officer D.P. Bailey of the Montgomery Police Department and his partner had apprehended four suspects; one of whom was the appellant and another who fit a description of the robber described in a radio dispatch received by the officers. A sack of money was found in the automobile next to the appellant. The suspects were immediately taken to Boyett's where an employee identified the man who held the pistol and took the money from the cash register. The employee also recognized the appellant, not as one of the robbers, but as being an employee of Boyett's. The employee testified that only two people were involved in the robbery.
After being advised of his constitutional rights the appellant made a statement to a city detective in which he confessed his involvement in the robbery.
 I
The appellant maintains that the trial judge's aid to the district attorney unduly prejudiced the jury and denied the appellant a fair trial. The actions of the trial judge found objectionable involve the allowing of photographic exhibits of the state into evidence subject to their being "tied up", the assistance given the deputy district attorney in presenting the proper predicate *Page 541 
for the admission of a photograph[1] and the alleged sustaining of an objection without objection having been made by the state.[2]
We have carefully reviewed every criticized action of the trial judge and find each to be without merit.
The admission of evidence before evidence which would make it relevant is offered so that it would be "connected" or "tied up" is in the discretion of the trial judge. Holland v. State,24 Ala. App. 199, 132 So. 601 (1931). It is well settled that the trial judge has broad discretion in determining the order of proof in a criminal prosecution. Davenport v. State,53 Ala. App. 326, 299 So.2d 767, cert. denied, 293 Ala. 751,299 So.2d 771 (1974); and cases cited at 6A Alabama Digest, Criminal Law 683 (1).
While the trial judge has a duty of impartiality, he is not a "stone-cold computer . . . draped in a black robe, set up behind the bench, and plugged in to begin service as Circuit Judge." Allen v. State, 290 Ala. 339, 343-344, 276 So.2d 583,586 (1973).
The comments of a trial judge in suggesting to the prosecution, or the defense, the proper way in which to introduce admissible evidence do not constitute error where those comments do not prejudice the defendant or indicate any bias or attitude of the judge on the guilt or innocence of the accused or on the effect or weight to be given such evidence once admitted. Thus, it is not error for a trial judge, after the state has closed its case, to suggest that the venue has not been proved, Anderson v. State, 104 Ala. 83, 16 So. 108
(1893); to suggest to the state's attorney that he might introduce the sheriff to identify certain evidence. Roden v.State, 5 Ala. App. 247, 59 So. 751 (1912); to ask if the prosecutor objects to testimony elicited by defense counsel,Gulley v. State, Ala.Cr.App., 342 So.2d 1362, 1365 (1977), or to state that if prosecution would object the judge would sustain, Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1970). It is not error for the judge to state to counsel that a further question asked of a witness has been answered, Davis v.State, 216 Ala. 475, 113 So. 393 (1927); or that defense counsel's question was argumentative without objection having been made, Vaughn v. State, 25 Ala. App. 204, 143 So. 211
(1932).
The record clearly does not establish that either the separate or cumulative effect of the criticized remarks and actions of the trial judge deprived the appellant of a fair and impartial trial. While each instance of an alleged display of bias or impartiality must be viewed on its own merits, the facts in this case disclose that the trial judge acted within the bounds of judicial discretion and the propriety due his much respected office.
 II
The appellant also alleges that the totality of the circumstances reveals that the confession of the appellant was not voluntary and therefore should not have been admitted into evidence. We disagree. *Page 542 
The voluntariness of a confession, authorizing its admission into evidence, must be determined by the trial judge in the exercise of enlightened discretion and a decision allowing a confession into evidence will not be disturbed unless it is palpably contrary to the weight of the evidence. Carter v.State, 53 Ala. App. 43, 297 So.2d 175 (1974). Where the trial court finds on conflicting evidence that a confession was voluntarily made, such finding will not be disturbed on appeal unless it appears contrary to the great weight of evidence or is manifestly wrong. Thompson v. State, Ala.Cr.App.,347 So.2d 1371, and cases cited at 1375, cert. denied, Ala.,347 So.2d 1377 (1977); Elliott v. State, Ala.Cr.App., 338 So.2d 483
(1976); Jenkins v. State, Ala.Cr.App., 337 So.2d 72 (1976);Liptroth v. State, Ala.Cr.App., 335 So.2d 683, cert. denied, Ala., 335 So.2d 688 (1976).
Here there is no need to detail the conflicting evidence presented on the issue of voluntariness. While the appellant testified that his confession was induced, coerced and involuntary, the testimony of the officer who took the appellant's statement disclosed that neither he nor anyone in his presence applied any violence to the accused or made any threats or promises to him prior to his confession and that the confession was taken only after the accused had been informed of and intelligently and voluntarily waived his Miranda rights. Under these facts, the confession was properly admitted. Gibsonv. State, Ala.Cr.App., 347 So.2d 576 (1977); Sullivan v. State, Ala.Cr.App., 340 So.2d 878, cert. denied, Ala., 340 So.2d 881
(1976).
We have written to each error assigned by the appellant and in addition have searched the record as required by law. Finding no errors prejudicial to the substantial rights of the appellant which would require a reversal, we are of the opinion that the judgment of the trial court and the finding of the jury are due to be affirmed.
AFFIRMED.
All Judges concur.
[1] "Q. Deputy District Attorney: This picture, which has been marked for identification purposes as State's Exhibit Number 5, do you or do you not recognize what is depicted there?
"A. I do.
"Q. What does that depict?
 "MR. SEAY (Defense Counsel): Objection. That is not the proper predicate testimony as to the —
 "THE COURT: Sustained. Ask him if it accurately and adequately portrays the scene it depicts and then tell you what the scene is."
[2] "Q. (Defense Counsel): Now, during this period of time that you have been pastor there, will you state whether or not you have observed Charles Burks as to his reputation?
"A. Yes, I have.
 "MR. BELL (Deputy District Attorney): I object unless he can qualify it as to before December the 3rd, 1976.
"THE COURT: Overruled.
"A. Yes, I have observed his —
"Q. All right. Have you been able to form an opinion?
"A. Yes, I have.
"Q. Would you state what your opinion is?
"A. Well —
"THE COURT: Sustain the objection.
"MR. LANGFORD (Defense Counsel): I don't think he objected.
"MR. BELL: I object.
"THE COURT: Sustained."