The appellant was indicted for robbery and convicted of the lesser included offense of grand larceny. Sentence was fixed at five years' imprisonment.
 I
The appellant maintains that he was unlawfully arrested by a private citizen and that the trial court should have granted his motion to suppress the evidence admitted as a result of his arrest (his confession which led to the recovery of the victim's purse and pistol — the objects stolen).
We need not detail the facts surrounding the alleged arrest of the appellant by a private citizen. The evidence on this matter was in direct conflict. If the State's evidence is believed, the appellant freely, voluntarily, and under no threat or coercion of any type, went with Grady Story to the Tuskegee Police Department about a stolen chain saw. Conversely, the appellant testified that he was forced at gunpoint into Story's truck and taken to the police department.
The trial court, upon this conflicting evidence, denied the motion to suppress and admitted the confession. The court found, "In the first place, I don't think it was an arrest, it appears to be voluntary, and it didn't have anything to do with this particular crime".
A review of the trial court's ruling in connection with a motion to suppress a confession is limited to determining whether its finding was clearly erroneous. United States v.Greer, 566 F.2d 472, 473 (5th Cir. 1978). This is simply an application of the well settled rule that, where the trial court finds on conflicting evidence that a confession was voluntarily made, such finding is entitled to great weight and will not be disturbed on appeal, unless it appears contrary to the weight of the evidence or is manifestly wrong. Vernon v.State, 239 Ala. 593, 599, 196 So. 96 (1940); Burks v. State,353 So.2d 539 (Ala.Cr.App. 1977); Thompson v. State,347 So.2d 1371 (Ala.Cr.App.), cert. denied, 347 So.2d 1377 (1977); Hunterv. State, 38 Ala. App. 351, 83 So.2d 737 (1956).
Here there is evidence to support the finding of the trial judge that there was no illegal arrest and that the confession was voluntary. His decision was not arbitrary, contrary to the weight of the evidence, or manifestly wrong. Therefore the judgment of the trial court will not be disturbed.
The appellant's argument that the confession was involuntary and inadmissible is based on the holding of Brown v. Illinois,422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), that in-custody statements which stem from an illegal arrest are not rendered admissible merely because the defendant had been given the Miranda warnings prior to making the statements. No other contention of inadmissibility is advanced and in brief the appellant concedes, apart from the illegal arrest, "it would appear that said inculpatory statement should be admissible because they were voluntarily given". Our review convinces us that the confession was voluntary and was properly admitted into evidence.
 II
The trial court properly refused the appellant's ten requested charges. Some of the requested charges were covered in the court's oral charge. Others were mere statements of legal principles, without instruction *Page 317 
as to the effect upon or application to the issues and were not hypothesized on a "belief from the evidence". Hudson v. State,335 So.2d 208, 211 (Ala.Cr.App.), cert. denied, 335 So.2d 211
(Ala. 1976). Still other charges were improper because they conclude with a citation to case authority. State v. Ingalls,27 Ala. 562, 567, 173 So.2d 104 (1965); St. John v. State,55 Ala. App. 95, 313 So.2d 215, cert. denied, 294 Ala. 768,313 So.2d 218 (1975).
 III
A review of the evidence reveals that it is sufficient to support a conviction for grand larceny. We have searched the record and found no error prejudicial to the appellant. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.